William G. Davies and Avis M. Davies, Administrators of the Estate of William T. Davies, Appellants v. Michael Barnes, Delaware County Vocational-Technical School-Aston, Delaware County Intermediate Unit No. 25, Penn Delco Union School District and Robert Schonewolf, Appellees.

Argued June 5, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*William J. Gallagher,* with him, *Michael G. Louis, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for appellants.

*Ralph B. D'Iorio, Cramp, D'Iorio, McConchie & Forbes,* for appellees, Delaware County Vocational-Technical School-Aston and Delaware County Intermediate Unit No. 25.

*Phillip B. Silverman, McGettigan, McWilliams and Silverman,* for appellee, Penn Delco Union School District.

OPINION BY JUDGE BARRY, January 10, 1986:

On October 31, 1981, William T. Davies was killed in an automobile accident. His parents, William G. Davies and Avis M. Davies (appellants) as administrators of his estate, filed a complaint in trespass against Penn Delco Union School District, Delaware County Intermediate Unit No. 25 and Delaware County Vocational-Technical School-Aston (appellees). By order dated June 4, 1984, the Court of Common Pleas of Delaware County granted appellees' motion for summary judgment and dismissed the complaint on

the basis that the facts alleged did not fall within any of the exceptions to the general grant of immunity enjoyed by appellees under Section 8541 of the Judicial Code, 42 Pa. C. S. §8541. This appeal followed.

There appears to be no dispute regarding the facts giving rise to this appeal. Decedent was a student at the Delaware County Vocational-Technical School-Aston. At the time of his death, he was riding in a car driven by Michael Barnes, another student, and owned by William Schonewolf, the father of yet another student. The car had been brought to school and processed according to school policy so that students in the auto shop class could work on it. During the course of the day, however, Barnes and Davies took the car for a joy ride and while they were off school property, the accident occurred.

Appellants maintain that their son's death was caused by the appellees' failure to adequately supervise the students' activities. More specifically, they claim that school officials should have detected the smell of alcohol on Michael Barnes' breath and they should have prevented Barnes and Davies from taking the car for a ride. According to appellants, this allegedly negligent conduct falls within either the vehicle liability[1] or the real property[2] exception to governmental immunity. We disagree.

The vehicle liability exception states that the government shall not be immune from suits involving "the operation of any motor vehicle in the possession or control of the local agency." Appellants maintain that the trial court erred in concluding that this action applies only to situations where the vehicle is actually operated by a government employee or agent. They argue that this section imposes liability also in

[1] 42 Pa. C. S. §8542(b)(1).
[2] 42 Pa. C. S. §8542(b)(3).

situations where the vehicle is under the constructive rather than actual control of the government as it allegedly was in the case at hand.

We cannot agree with this interpretation of 42 Pa. C. S. §8542(b)(1) which reads as follows:

> (b)   Acts which may impose liability.—The following *acts by a local agency or any of its employees* may result in the imposition of liability on a local agency:
>
> (1)   *Vehicle liability.*—The *operation* of any vehicle in the possession or control of the local agency.  As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air. (Emphasis added.)

Clearly, in order for this section to be applicable to the case before us, there must be an allegation that the vehicle was operated by a school official.  Since it is undisputed that the car in question was driven by a student at the time of the accident, we must reject appellants' argument.

We also find no merit in appellants' second argument which relies on the real property exception.  This court has repeatedly held that the real property exception is not applicable to cases where the alleged negligence consists of failure to adequately supervise students.  *Usher v. Upper Saint Clair School District,* 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985); *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).

Appellants next argue that their cause of action falls within the "proprietary exception" to governmental immunity.  They maintain that, because the school charged money for the services provided in the

auto shop, it is not immune from actions arising directly from that activity. To support this argument, appellants rely on *Shields v. Pittsburgh School District,* 408 Pa. 388, 184 A.2d 240 (1962). The Supreme Court in that case did hold that a school district is not immune from negligent acts which are connected to a proprietary function. However, *Shields* pre-dates the statutory provisions controlling the case at hand. Only two of the eight statutory exceptions to governmental immunity are arguably applicable to the factual situation presented by this case. Both have already been discussed.

Lastly, we note that the constitutionality of governmental immunity has already been upheld by the Supreme Court in *Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394 (1981).

Affirmed.

ORDER

Now, January 10, 1986, the order of the Court of Common Pleas of Delaware County, No. 82-10233, dated June 4, 1984 is affirmed.