514 A.2d 273

Bobbie Sue Burkey, a minor, by her Parents and Natural Guardians Katherine Burkey and Raymond Burkey, and Katherine Burkey and Raymond Burkey, in their own right, Appellants *v.* Borough of Auburn, Appellee.

Argued May 13, 1986, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Andrew A. Solomon,* with him, *Thomas B. Rutter, Rutter, Truner & Stein,* for appellants.

*William C. Reiley, Zimmerman, Lieberman & Derenzo,* for appellee.

OPINION BY JUDGE DOYLE, August 25, 1986:

Bobbie Sue Burkey and her parents, Katherine and Raymond Burkey (Appellants), appeal from an order of the Court of Common Pleas of Schuylkill County which sustained the preliminary objections of the Borough of Auburn (Borough) and dismissed Appellants' action against the Borough on the basis of the governmental tort immunity provided under Section 8542 of the Judicial Code, 42 Pa. C. S. §8542.

On September 4, 1984, Appellants filed a complaint against the Borough which alleged the following facts.[1] On September 7, 1982, Katherine Burkey was operating her motor vehicle on a Borough street when it stalled, and would not restart. A police officer employed by the Borough directed Appellant to remove her car immediately as it was obstructing traffic. At that time Appellant informed the police officer that she was seven months pregnant and requested assistance in moving the vehicle. The police officer refused assistance and again demanded that she remove her vehicle or face arrest. When Appellant was unable to coast her car off the travelled portion of the highway, she left her car, and attempted to manually push it off the road. As a result of this physical exertion, Appellant went into premature labor, and delivered an infant who was afflicted with severe physical and mental disabilities because of her premature birth. Appellants instituted an action against the Borough, alleging that the negligent conduct of its police officer resulted in the injuries to the infant. The Borough filed preliminary objections to Appellants'

---

[1] For purposes of ruling on a demurrer, all well-pleaded facts must be accepted as true, as well as all reasonable inferences which may be deduced therefrom. A demurrer may not be sustained unless the law will not permit recovery, and all doubts must be resolved in favor of overruling it. *Johnson v. City of Philadelphia,* 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985).

complaint, alleging that the Borough was immune from liability resulting from the police officer's actions under Section 8541 of the Judicial Code, 42 Pa. C. S. §8541, which states:

> Except as otherwise provided in this sub-chapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

The trial court agreed, and sustained the preliminary objections, finding that the allegations of Appellants' complaint did not fall within any of the exceptions to governmental immunity listed under Section 8542(b) of the Judicial Code.

On appeal to this Court Appellants reiterate their claim that the facts alleged fall within the exception to governmental immunity provided under Section 8542 (b)(1) of the Judicial Code[2] which states in pertinent part:

> *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> (1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency.

Appellants argue that although the Borough police officer did not himself operate Appellant's vehicle, it was nonetheless in his "control" for purposes of this section because he ordered Appellant to move it under threat of arrest.

---

[2] Before the trial court Appellants also argued that the alleged facts fell within Section 8542(b)(4) of the Judicial Code, which provides an exception to immunity for dangerous conditions of traffic controls. Appellants have abandoned this argument in their appeal to this Court, specifically at oral argument as well as in their brief; thus, we do not address it.

This Court recently considered and rejected a similar interpretation given to this Section in *Davies v. Barnes,* 94 Pa. Commonwealth Ct. 145, 503 A.2d 93 (1986). In *Davies,* the complaint alleged that a school student was killed while a passenger in a vehicle driven by another student who had removed it from the school's auto shop. The plaintiffs in *Davies* argued that the school district had "control" over the vehicle for purposes of Section 8542(b)(1) of the Judicial Code because the school district had negligently allowed the student to drive the vehicle. The Court in *Davies* rejected this argument, stating:

> Clearly, in order for this section to be applicable to the case before us, there must be an allegation that the vehicle was operated by a school official. Since it is undisputed that the car in question was driven by a student at the time of the accident, we must reject appellants' argument.

*Id.* at 148, 503 A.2d at 95.

It is clear that under the interpretation given to this section by our Court in *Davies* the vehicle exception to governmental immunity applies only where the agent of the local agency actually *operates* the vehicle in question. *See also Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984) (Department did not "control" vehicle for purposes of Section 8542(b)(1) by failing to revoke driver's license and vehicle registration plates). In the present case, as in *Davies,* it is not alleged that the local agency official operated Appellant's vehicle; it is alleged only that the official ordered Appellant to move her vehicle. While such allegations, if proven, may certainly establish unreasonable conduct on the part of a police officer toward a driver in Appellant's condition, they nonetheless do not fall within the narrow exception to the general grant of

governmental immunity found in Section 8542(b)(1) of the Judicial Code.[3]

Thus, we must agree with the trial court that Appellants did not make out a claim against the Borough within the motor vehicle exception to the bar of governmental immunity, and accordingly, we affirm the trial court's order.

ORDER

Now, August 25, 1986, the order of the Court of Common Pleas of Schuylkill County, No. 5-1182-1984, dated June 17, 1985, is hereby affirmed.

---

[3] Exceptions to the general grant of governmental immunity must be narrowly construed. Section 1924 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1924; *Casey v. Geiger*, 346 Pa. Superior Ct. 279, 499 A.2d 606 (1985). *See Vann v. Board of Education of the School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).