## Baker v. Hawks

*David M. Pollick,* for plaintiff.
*Robert J. Stewart,* for defendant Hawks.

*Frank J. Lavery, Jr.,* for defendants Sowers & Red Lion Police Department.

McCULLOUGH, *J.,* December 3, 1987 — This is an action which arises out of motor vehicle crash where plaintiff was a passenger in a vehicle operated by defendant Garland E. Hawks. The Hawks vehicle had been operated at a high speed above the speed limit through Red Lion Borough where defendant Mark A. Sowers, a police officer employed by the Red Lion Police Department, engaged in a high-speed pursuit. The Hawks vehicle, during the pursuit, left the road and struck several stationary roadside objects, causing injuries to plaintiff.

This action is before the court on a motion for judgment on the pleadings filed by defendants Sowers and Red Lion Police Department. They argue that plaintiff's claim does not fit within any of the exceptions to local government immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541-8564, which provides immunity to governmental agencies and to their employees.

The Political Subdivision Tort Claims Act contains eight exceptions to immunity. We conclude that the only possible exception, the vehicle liabilty exception of section 8542(b)(1), does not apply in the absence of averments, showing that either defendant possessed or controlled the plaintiff's vehicle.

A motion for judgment on the pleadings is in the nature of a demurrer, and all well-pleaded allegations of the opposing party must be taken as true, with only the facts admitted by him considered against him. *Enoch v. Food Fair Stores Inc.,* 232 Pa. Super. 1, 331 A.2d 912 (1974). A motion for judgment on the pleadings may be granted only in cases free from doubt, where a trial would be a fruitless

exercise. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 249 A.2d 687 (1969).

The vehicle liability exception to government immunity provides for imposition of liability on a local agency or its employees based on the following act:

"(1) *Vehicle Liability* — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air." 42 Pa.C.S. §8542(b)(1).

Plaintiff pleads in his complaint that the vehicle in which he was riding was owned and operated by the defendent Garland E. Hawks and was being operated by defendant Hawks at the time of the incident in question. Plaintiff makes no allegation that the vehicle was in any way controlled or possessed by the defendants. The lack of any such allegations forcloses plaintiff's chances of coming within the vehicular exception to immunity.

In *Burkey by Burkey v. Borough of Auburn* 100 Pa. Commw. 110, 514 A.2d 273 (1986), the court reiterated the construction of the vehicle exception laid down in *Davies v. Barnes*, 94 Pa. Commw. 45, 503 A.2d 93 (1986) that the vehicle exception applies only where the agent of the local agency actually operates the vehicle in question. In *Burkey* where plaintiff alleged only that a police officer ordered her to move her vehicle from the roadway, and not that the officer actually operated her vehicle, the claim against the borough did not fall within the narrow exception to the general grant of sovereign immunity.

Additionally, plaintiff alleges that defendant Sowers was acting within his capacity as a police officer,

and that his conduct was negligent and reckless. However, plaintiff has failed to allege any willful misconduct on the part of defendant Sowers, which would prevent him from asserting any official immunity. See, 42 Pa.C.S. §§8546, 8550; *Lopuszanski v. Fabey*, 560 F. Supp. 3 (1982); *LaPlant v. Frazier*, 564 F. Supp. (1983). If defendant Sowers' conduct was authorized or required by law, as an employee of a governmental agency, he has official immunity available as a defense. Certainly, it can be said that police are authorized to enforce speed restrictions and to apprehend violators. See *Lynch v. Johnson*, 78 Pa. Commw. 8, 463 A.2d 87 (1983); 75 Pa.C.S. §3105.

Lastly, in *Mascaro v. Youth Study Center* 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court held that negligent acts of others are specifically excluded in the general immunity section (42 Pa.C.S., §8541) and are absent from the eight exceptions to that immunity. The pleadings clearly aver that plaintiff was injured in a one-car collision of a vehicle not operated by or in the possession or control of a local agency or an employee of a local agency, as is required to impose liability under the vehicle liability exception to the Political Subdivision Tort Claims Act.

We find defendants Mark A. Sowers and the Red Lion Police Department are entitled to judgment on the pleadings, plaintiff having pleaded no facts sufficient to bring his claim within an exception to the governmental immunity of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

## ORDER

And now, December 3, 1987, the motion for judgment on the pleadings filed by defendants

Mark A. Sowers and Red Lion Police Department is granted, and judgment is entered in favor of defendants Mark A. Sowers and Red Lion Police Department and against plaintiff. The within action shall proceed between plaintiff, Patrick A. Baker, and defendant, Garland E. Hawks.