# Keesey v. Longwood Volunteer
# Fire Company Inc.

*Henry B. Fitzpatrick,* for plaintiff.

*Alexander Ewing Jr.,* for defendants Edward B. Walton and Longwood Volunteer Fire Co. Inc.

*Ralph B. D'Iorio,* for defendant Chester County.

*William F. Holsten II,* for defendant Delaware County.

LEVY, *J.,* December 3, 1987 — This case arises out of a motor vehicle accident in which an automobile being driven by plaintiff collided with a fire engine owned by defendant Longwood Volunteer Fire Company Inc., and operated by defendant Edward B. Walton. The counties of Delaware and Chester filed preliminary objections to the complaint. We have concluded that the counties' preliminary objections must be sustained.

In their preliminary objections, defendant counties contend that pursuant to the governmental immunity provisions of the Judicial Code, October 5,

1980, P.L. 693, 42 Pa.C.S. §8541 et seq., they are immune from liability. The counties correctly assert that in order for plaintiff to maintain a cause of action against them, plaintiff must plead facts which will bring the action within one of the exceptions to the governmental immunity provisions set forth at section 8542 of the Judicial Code. Defendant counties argue that plaintiff has failed to satisfy this requirement in two respects. Initially, they contend that plaintiff has failed to state a cause of action for which damages would be recoverable at common law or pursuant to a statute creating a cause of action if governmental immunity did not apply. This is required by section 8542(a)(1) of the Judicial Code. The counties then assert plaintiff has failed to allege a cause of action against them under the motor vehicle liability exception to governmental immunity set forth at section 8542(b)(1) of the Judicial Code. Because we are constrained to agree with the counties' contention regarding the motor vehicle liability exception, we find it unnecessary to discuss any other aspect of their preliminary objections.

Section 8542(b)(1) of the Judicial Code reads as follows:

"*Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability* — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or the air."

The counties contend that this exception to governmental immunity, which is the only enumerated exception that arguably applies to this case, is inapplicable to the facts alleged in plaintiff's complaint

since the fire engine involved in the collision with plaintiff's vehicle was not in their "possession or control." Plaintiff does not argue that defendant counties were in possession of the fire engine but he does contend that the counties exercised control over the vehicle by virtue of the orders communicated to the driver of the vehicle by the Chester and Delaware County fire boards. We conclude, based upon the allegations contained in plaintiff's complaint and the current state of appellate court authority in the commonwealth, that defendant counties are correct and that they cannot be held to have been in "control" of the fire engine for purposes of the vehicle liability exception to governmental immunity.

In *Davies v. Barnes,* 94 Pa. Commw. 145, 503 A.2d 93 (1986), a student at the Delaware County Vocational Technical School was killed in an automobile accident while a passenger in a vehicle which had been left in the care and custody of the school's auto shop. The vehicle was driven by a fellow student, and the single-car accident occurred off school property. The deceased student's parents filed an action naming as defendants, inter alia, the school and the Penn Delco School District. A motion for summary judgment was filed on behalf of these defendants. The trial court granted the motion for the reason that the facts alleged in plaintiffs' complaint did not fall within any of the exceptions to the governmental immunity provisions of the Judicial Code. On appeal, plaintiffs argued that the alleged negligent conduct fell within the vehicle liability exception to governmental immunity. The Commonwealth Court analyzed section 8542(b)(1) of the Judicial Code and concluded that the exception did not apply to the facts of the case. The court explained its reasoning as follows:

"The vehicle liability exception states that the government should not be immune from suits involving 'the operation of any motor vehicle in the possession or control of the local agency.' Appellants maintain that the trial court erred in concluding that this action applies only to situations where the vehicle is actually operated by a government employee or agent. They argue that this section imposes liability also in situations where the vehicle is under the constructive rather than actual control of the government as it allegedly was in the case at hand.

"We cannot agree with this interpretation of 42 Pa.C.S. §8542(b)(1) . . .

"Clearly, in order for this section to be applicable to the case before us, there must be an allegation that the vehicle was operated by a school official. . . "*Id.* at 147-8, 503 A.2d at 94-5.

The Commonwealth Court reaffirmed this admittedly narrow interpretation of the vehicle liability exception in *Burkey by Burkey v. Borough of Auburn*, 100 Pa. Commw. 110, 514 A.2d 273 (1986). In *Burkey*, a woman motorist was operating her vehicle on a street in Auburn Borough when it stalled and would not restart. A police officer, employed by the borough, directed her to remove her vehicle immediately from the roadway because it was obstructing traffic. The woman advised the officer that she was seven months pregnant and requested assistance in moving the vehicle. The officer refused and again ordered her to move the vehicle or face arrest. Being unable to drive her car off the street, the woman left her vehicle and attempted to push it to the side of the road. As a result of her exertion, plaintiff went into premature labor and delivered an infant who was afflicted with severe physical and mental disabilities caused by premature birth. The

parents instituted an action as guardians of their daughter and in their own right against the borough. The borough filed preliminary objections to the complaint, asserting immunity from liability under the governmental immunity provisions of the Judicial Code. The trial court sustained the preliminary objections, finding that plaintiffs' complaint failed to allege facts within any exception to governmental immunity set forth in section 8542(b).

On appeal, plaintiffs argued that the trial court erred in sustaining the borough's preliminary objections because the vehicle liability exception to governmental immunity applied to the case. Plaintiffs asserted that although the borough police officer did not himself operate wife-plaintiff's vehicle, it was nonetheless in his "control" because he had ordered wife-plaintiff to move the car under threat of arrest. The Commonwealth Court, citing *Davies*, rejected plaintiffs' argument and affirmed the trial court, stating:

"It is clear that under the interpretation given to this section by our court in *Davies* the vehicle exception to governmental immunity applies only when the agent of the local agency operates the vehicle in question. . . ." 100 Pa. Commw. at 113, 514 A.2d at 275.

While the facts of the instant case are distinguishable from those in *Davies* and *Burkey* and plaintiff admittedly presents a more compelling argument on the issue of control by defendant counties than was made in either of these cases, the narrow holdings of the Commonwealth Court in both *Davies* and *Burkey* leave little room for the consideration of such factual dissimilarities. Under *Davies* and *Burkey*, unless plaintiff alleges that the vehicle involved in the accident which caused his injuries was actually operated by an employee or agent of

defendant counties, an action may not be maintained against these entities under the vehicle liability exception to govenmental immunity. A review of plaintiff's complaint shows that the sole allegation of agency is found in paragraph 4 where it is alleged that Edward Walton, the driver of the fire truck, "was the servant agent or employee of defendant Longwood Volunteer Fire Company Inc. . . . ." Thus, absent any allegation of agency between defendant driver and defendant counties, we are bound by *Davies* and *Burkey* to conclude that the counties are immune from liability under the facts alleged in plaintiff's complaint, and that the counties' preliminary objections must be sustained.

However, we further are of the opinion that it would be improper to dismiss plaintiff's complaint against defendant counties without first affording him the opportunity to amend his complaint to determine if he can allege such facts as would permit him to maintain a cause of action against defendant counties. In sustaining preliminary objections to a complaint, leave to amend should not be withheld where there is some reasonable possibility that defects in a complaint can be cured through amendment. *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986); *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978). Accordingly, we have entered an order sustaining the preliminary objections before us, and giving plaintiff leave to amend the complaint.