558 A.2d 596

Robert Capuzzi, Administrator of the Estate of Eleanor Capuzzi, deceased, as parent and natural guardian of Nicholas Capuzzi, a minor, and Amanda Capuzzi, a minor, and in his own right, Appellants *v.* Richard Heller, Joseph Becker, Theresa Becker Benfield, Anthony Grandinetti, Van's Auto Tags, Middle Bucks Area Vocational Technical School, Centennial School District and William Tennent High School, Appellees.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Roy T.J. Stegena,* with him, *William C. Archbold, Jr.,* for appellants.

*Alexander Ewing, Jr., Gollatz, Griffin, Ewing & McCarthy,* for appellee.

OPINION BY JUDGE BARRY, May 10, 1989:

Robert Capuzzi, the estate of his deceased wife, Eleanor Capuzzi, and his children, Nicholas Capuzzi and Amanda Capuzzi (appellants), appeal from an order of the Court of Common Pleas of Bucks County granting a judgment on the pleadings in favor of Middle Bucks Area Vocational Technical School (vo-tech school) and dismissing the first and second counts of their amended complaint insofar as it related to the vo-tech school.

Appellants filed an amended complaint alleging that, on September 8, 1986, Richard Heller (Heller), a student at both the William Tennent High School (high school) and the vo-tech school, was driving himself from the high school to the vo-tech school. On the way, he had engaged

in a race with Joseph Becker (Becker), another student at both the high school and vo-tech school, who was also driving himself from the high school to the vo-tech school. Heller was travelling north in the passing lane of York Road in Warminster Township, Bucks County, at a rate of speed that was greatly in excess of the posted forty-five mile per hour speed limit. At the intersection of York Road and Ivyland Road, he drove his vehicle through a red traffic signal and collided with an automobile operated by Mrs. Capuzzi, who had lawfully entered the intersection from Ivyland Road. As a result of the collision, Mrs. Capuzzi was killed and appellants, Nicholas Capuzzi and Amanda Capuzzi, who were passengers in the vehicle, were injured.

In their amended complaint, the appellants made the following averments regarding the negligence of the vo-tech school, the high school and Centennial School District:

> 36. The Defendant Centennial School District and Defendants, William Tennent High School and Area Middle Bucks Vocational Technical Institute [sic], at all times pertinent herein were responsible for providing safe transportation from the high school to the vocational school for students, such as Defendants Heller, Becker and Grandinetti,[1] who were enrolled in both schools and who had to attend classes in each school on each specified school day under the control of said schools and as the responsibility of said schools.
>
> 37. Defendants Centennial School District, William Tennent High School and Area Middle Bucks Vocational Technical Institute [sic] (sometimes

---

[1] Appellee, Anthony Grandinetti is another student at the high school and the vo-tech school. At the time of the collision, he was a passenger in Heller's car.

hereinafter referred to collectively as 'defendant schools') had at certain times pertinent herein undertaken the operation, supervision and control of a system by which certain students were occasionally permitted by the school district and the individual schools to transport themselves in their own vehicles between classes at the high school and the vocational school if certain established requirements were met.

38. Defendant schools failed to offer or provide the said required transportation. Defendant schools knew that Defendants Heller and Becker were on September 8, 1986 driving their own vehicles from the high school to attend classes at the vocational school, and said Defendant schools acquiesced in the self-transportation by their agents, Defendants Heller and Becker, to take place without requiring that said Defendants meet even minimum requirements of legality of operation, proficiency, reliability and financial responsibility, thus abandoning their said obligation of safely transporting their students during school hours.

39. Defendants Heller and Becker provided transportation services for which the Defendant schools were responsible, on behalf of the Defendant schools, with the acquiescence, knowledge and permission of the Defendant schools and under the control, direction and supervision of said Defendant schools. The negligent conduct and entrustment of the Defendant Centennial School District, Defendant William Tennent High School, and Defendant Area Middle Bucks

Vocational Technical Institute [sic] consists of but is not limited to the following:

a. Negligently delegating to Defendants Heller and Becker the responsibility of transporting themselves as well as Defendant Grandinetti from classes at the high school to classes at the vocational school, when said Defendants knew, or in the exercise of reasonable care should have known, that said Defendants were not mature and were incapable of safely operating their motor vehicles, thus endangering Plaintiff and his family,

b. Entrusting to Defendants Heller and Becker the responsibility of providing transportation between schools when Defendant schools knew, or in the exercise of reasonable care should have known, that said Defendants were immature, incompantent [sic], unsafe and illegal drivers without the requisite documents and compulsory bodily injury liability insurance coverage, whom [sic] they are required to be financially responsible for, and

c. Illegally attempting two [sic] save money by looking the other way in allowing unqualified student drivers to transport their students as aforesaid, instead of using school vehicles.

d. Failing to exercise the proper degree of control over Defendants Heller and Becker to prevent them from conducting themselves in such a manner so as to create an unreasonable risk of bodily harm to plaintiffs, when Defendant schools had the ability to control said activities and knew, or should have known, of the necessity for exercising such control,

e. Abrogating, abandoning and avoiding their own duty and responsibility to transport said stu-

dents between classes by school buses or vehicles or by a specific plan and design and illegally and negligently transferring the physical task of transportation to Defendants Heller and Becker as the agents of Defendant schools, and ·

f. Being otherwise negligent as may be revealed through discovery.

The vo-tech school filed an answer with new matter to the appellants' amended complaint. In the new matter, it asserted, *inter alia,* that the alleged acts of negligence on its part did not fall within any of the enumerated statutory exceptions to governmental immunity found in Section 8542(b) of the Judicial Code (Code), 42 Pa. C. S. §8542(b). After appellants had filed their reply to this new matter, the vo-tech school filed a motion for judgment on the pleadings. The court of common pleas granted this motion, concluding that the vo-tech school was immune from suit. This appeal followed.

Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether there has been an error of law or an abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa. Commonwealth Ct. 492, 527 A.2d 193 (1987). In passing upon a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached thereto. *Farber v. Engle,* 106 Pa. Commonwealth Ct. 173, 525 A.2d 864 (1987). Judgment on the pleadings should not be entered unless there are no material facts in dispute, *Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board,* 484 Pa. 313, 399 A.2d 93 (1979), and, after accepting all of the opposing party's well pleaded facts as true, the case is free from doubt and trial would be a fruitless exercise. *Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972).

Appellants contend that they have pleaded facts in their amended complaint which established a cause of action based on the following two theories of negligence: (1) the vo-tech school negligently entrusted Heller and Becker with the responsibility of driving themselves and a third student to school; and (2) at the time of the collision, Heller and Becker were acting as agents of the vo-tech school so that the vo-tech school would be vicariously liable for their negligent acts. Appellants argue that both of these theories of negligence fall within the exception to governmental immunity provided under Section 8542(b) of the Code (vehicle exception). That provision states:

(b) *Acts which may impose liability.*—The following acts by a local agency *or any of its employees* may result in the imposition of liability on a local agency:

(1) Vehicle liability.—The *operation* of any motor vehicle in the possession or control of the local agency. (Emphasis added.)

The vehicle exception to governmental immunity, as well as that to sovereign immunity, applies, however, only to situations where an employee of a local agency actually *operates* the vehicle in question. *Burkey v. Borough of Auburn,* 100 Pa. Commonwealth Ct. 110, 514 A.2d 273 (1986). Therefore, in *Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984), this Court held that a lawsuit instituted by a woman injured in a two-car collision and her husband, against the Department of Transportation, was not encompassed in the vehicle exception when it was based solely on the Department's failure to either refuse to issue a license plate and vehicle registration for the uninsured vehicle that collided with the wife-appellant's vehicle or to revoke them when the insurance on that vehicle lapsed. Likewise, in *Davies v. Barnes,* 94 Pa.

Commonwealth Ct. 145, 503 A.2d 93 (1986), we held that a lawsuit instituted by the parents of a student killed in an automobile accident against a school district was not permitted under the vehicle exception when it was based solely on the school district's failure to detect the smell of alcohol on the breath of the student operating the vehicle in which appellants' son was a passenger and to prevent the two students from taking that vehicle for a joy ride.

In each of the above cited cases, the appellants' action was dismissed because it had not been alleged that the injured plaintiff sustained his injuries as a result of the negligent operation of a motor vehicle by an employee of the government unit. Therefore, in the present matter, even if the vo-tech school had the power to refuse to permit its students to drive themselves between the two schools if they were uninsured or unable to demonstrate that they were capable of driving safely, the appellants cannot recover damages from the vo-tech school under their "negligent entrustment" theory pursuant to the vehicle exception.

The appellants could, however, recover damages from the vo-tech school under the vehicle exception if Heller and Becker were, at the time of the collision, acting as employees of the vo-tech school and their acts can be said to constitute negligent acts. The word "employee" is defined in Section 8501 of the Code, 42 Pa. C. S. §8501, as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit. Independent contractors under contract to the

> government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

The appellants argue that, having characterized Heller and Becker as agents of the vo-tech school and having asserted that Heller and Becker were acting under the direction and control of the vo-tech school when they drove themselves and a third student to classes at the vo-tech school, they have, for the purpose of the motion for judgment on the pleadings, brought themselves within the vehicle exception. Those statements, however, are merely conclusory allegations.

We note that, in *Weissman v. City of Philadelphia,* 99 Pa. Commonwealth Ct. 403, 513 A.2d 571 (1986), this Court affirmed a trial court's order granting judgment on the pleadings and/or summary judgment in favor of a doctor even though the plaintiff had alleged that the doctor had engaged in willful misconduct and that, at the time he did so, he was acting as an independent contractor. In doing so, we observed, *inter alia,* that there was nothing in the appellant's complaint to substantiate his conclusory allegation that, at the time of the alleged misconduct, the doctor was acting as an independent contractor, as opposed to an employee of the City of Philadelphia who was acting within the scope of his employment.

Similarly, in reviewing the appellants' amended complaint, we find no averments of underlying facts which, if proven, would establish, or from which it could be inferred, that Heller and/or Becker were acting as employees of the vo-tech school at the time of the accident. There are, for example, no facts pleaded which establish, or from which it can be inferred, that the vo-tech school controlled or had the right to control the manner in which Heller and Becker operated their vehicles while driving

themselves and the third student to school. Appellants provide us with no appellate authority supporting the proposition that an employment relationship between a school and one of its students arises out of the mere fact that the student drives himself to school either with the school's express permission or with its knowledge of his intent to do so and with acquiescence. In the absence of such authority we refuse to conclude that an employment relationship exists between the vo-tech school and that student under these circumstances.

. The real thrust of the appellants' complaint as to the vo-tech school is that it was negligent in permitting incompetent and uninsured student drivers to drive themselves and other students to school. As previously noted, recovery under this theory of negligence is not permitted under the vehicle exception.

Accordingly the order of the trial court is affirmed.

### ·ORDER

NOW, May 10, 1989, the order of the Court of Common Pleas of Bucks County, entered on August 5, 1988, as amended by order entered September 20, 1988, at Civil Action No. 87-03390-09-1, is affirmed.