567 A.2d 1121

Tina Marie BURNATOSKI, Administratrix of the Estate of Thomas P. Burnatoski, Jr., Deceased, on behalf of the Estate of Thomas P. Burnatoski, Jr., Deceased and Tina Marie Burnatoski, Administratrix of the Estate of Thomas P. Burnatoski, Jr., Deceased, on behalf of the next of kin of Thomas P. Burnatoski, Jr., Deceased, Appellant,

v.

BUTLER AMBULANCE SERVICE COMPANY et al., Appellees.

Peggy L. FREED, Administratrix of the Estate of Richard Freed, Deceased, on behalf of the Estate and next of kin of Richard Freed, Deceased, and Peggy L. Freed in her own right

v.

BUTLER AMBULANCE SERVICE COMPANY, City of Butler, Commonwealth of Pennsylvania, Department of Transportation, Carlos Seger, Cecil R. Gold, Armco Steel Corporation, Ford Motor Company and American Coaches, Inc.

Appeal of FORD MOTOR COMPANY,

Peggy L. FREED, Administratrix of the Estate of Richard Freed, Deceased, on behalf of the Estate and next of kin of Richard Freed, Deceased, and Peggy L. Freed in her own right, Appellant,

v.

BUTLER AMBULANCE SERVICE COMPANY, City of Butler, Commonwealth of Pennsylvania, Department of Transportation, Carlos Seger, Cecil R. Gold, Armco Steel Corporation, Ford Motor Company and American Coaches, Inc., Appellees.

Tina Marie BURNATOSKI, Administratrix of the Estate of Thomas P. Burnatoski, Jr., Deceased, on behalf of the Estate of Thomas P. Burnatoski, Jr., Deceased and Tina Marie Burnatoski, Administratrix of the Estate of Thomas P. Burnatoski, Jr., Deceased, on behalf of the next of kin of Thomas P. Burnatoski, Jr., Deceased,

v.

BUTLER AMBULANCE SERVICE COMPANY et al.

Appeal of FORD MOTOR COMPANY, a corporation.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 26, 1989.

Irving M. Portnoy, with him, Charles E. Evans, Evans, Rosen, Portnoy, Quinn & Donohue, Pittsburgh, for Burnatoski and Freed.

Nancy R. Winschel, with her, John Edward Wall and Alyson J. Kirleis, Dickie, McCamey & Chilcote, Pittsburgh, for appellant/appellee, Ford Motor Co.

Donald D. Graham, with him, Thomas W. King, III, Dillon, McCandless & King, Butler, for appellee, City of Butler.

Before DOYLE, PALLADINO and SMITH, JJ.

SMITH, Judge.

Tina Marie Burnatoski, Peggy L. Freed and Ford Motor Company (Appellants) appeal from orders of the Court of Common Pleas of Butler County sustaining the motions for summary judgment filed by the City of Butler (City).[1] The trial court's orders are affirmed.

These cases arise out of an accident which occurred on July 17, 1983 in which an ambulance operated by Cecil R. Gold crossed over into oncoming traffic and collided with a vehicle driven by Carlos L. Seger. Thomas P. Burnatoski, Jr. and Richard Freed, passengers in the ambulance, both died as a result of injuries suffered in the accident. Negli-

---

1.  Tina Marie Burnatoski and Ford Motor Company have filed appeals to this Court at Nos. 154 C.D.1989 and 183 C.D.1989 from a December 23, 1988 order sustaining the City's motion for summary judgment in *Burnatoski v. Butler Ambulance Service Co.,* (No. A.D. 86–608). Ford Motor Company and Peggy L. Freed have filed appeals to this Court at Nos. 155 C.D.1989 and 156 C.D.1989 from a December 23, 1988 order sustaining the City's motion for summary judgment in *Freed v. Butler Ambulance Service Co.,* (No. A.D. 85–419). All four appeals were consolidated by order of this Court on April 27, 1989.

gence actions were filed by Tina Marie Burnatoski and Peggy L. Freed in their capacities as Administratrices of their husbands' estates (and by Peggy L. Freed in her own right) against the City, Butler Ambulance Service Company (Butler Ambulance), the Pennsylvania Department of Transportation, Carlos Seger and Cecil R. Gold. Ford Motor Company and American Coaches, Inc. were subsequently joined as additional defendants on products liability theories.[2] Upon motions filed by the City, the trial court granted summary judgment on the premise that no liability could be imposed under Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1) because the City was not in possession or control of the ambulance at any time.

The issue presented on appeal is whether the trial court improperly granted summary judgment because a material issue of fact exists as to whether the City had possession or control of the ambulance thus subjecting it to liability under Section 8542(b)(1). Appellants further contend that a question of fact exists as to whether or not Butler Ambulance was an agent of the City and that the jury should have been allowed to resolve both of these disputed issues.[3]

■ Summary judgment is only appropriate in cases where no material facts are in dispute. "[C]ourts must not try disputed issues of fact but must determine whether such issues, in fact, exist." *Kozura v. A. & J. Quality Shoppe, Inc.*, 117 Pa.Commonwealth Ct. 9, 12, 542 A.2d 637, 638 (1988). Any doubts as to the existence of a genuine issue of fact must be resolved against the moving party and the court must examine the record in the light most favorable to the non-moving party. *Simpson v. Pennsylvania Board of Probation and Parole*, 81 Pa.Commonwealth Ct. 432, 473 A.2d 753 (1984).

**2.** The only defendants participating in these appeals are Ford Motor Company and the City.

**3.** This Court's scope of review of a common pleas court order granting summary judgment is limited to determining whether an error of law was committed or the trial court abused its discretion. *Jones v. Cheltenham Township*, 117 Pa.Commonwealth Ct. 440, 543 A.2d 1258 (1988).

Local governments are immune from tort liability except for those certain exceptions enumerated in Section 8542(b) of the Judicial Code. One of those exceptions applies to motor vehicles and provides that liability may result from "the operation of any motor vehicle in the possession or control of the local agency." Section 8542(b)(1). Exceptions to governmental immunity are to be narrowly interpreted "given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987).

In July of 1980, the City filed an Application for Highway Safety Project Grant with the federal government to obtain funds necessary to purchase the ambulance involved in this accident. In this application, executed by the Mayor and Finance Director, the City agreed:

That all services and equipment under this project will be acquired and maintained for purposes of Highway Safety, and that the project will be conducted in accordance with applicable Commonwealth and Federal Laws.

On June 10, 1981, the City entered into an agreement with Butler Ambulance in which the parties agreed that the City would act as an applicant agency for Butler Ambulance for the purpose of obtaining the funds to purchase the ambulance and that, pursuant to the requirements of the Federal Highway Safety Program Act of 1966, title to the motor vehicle would remain in the City. It was agreed that the City would apply the $10,000 it anticipated from the federal government toward the purchase price and that Butler Ambulance was to be responsible for any balance. Upon delivery of the ambulance, possession was to be immediately turned over to Butler Ambulance who was responsible for housing the vehicle as well as its mechanical maintenance, operating costs, insurance expense, licensing and registration and payment of taxes. Finally, Butler Ambulance agreed that it would only allow safe, careful and licensed drivers to operate the vehicle and that it would indemnify and hold the City harmless from any and all claims, damages or expenses of any kind arising out of and

in connection with the use, condition or operation of the ambulance during the lease term.

■■■ Appellants argue that the language contained in the City application for funds wherein it agreed to maintain all equipment for purposes of highway safety and to conduct the project in accordance with applicable laws bound the City to a significant level of control over the vehicle. Appellant further maintains that the effect of the convenants contained in the agreement with Butler Ambulance was to allow the City to dictate to Butler Ambulance specific duties arguably creating an agency relationship between the two, or at the very least, creating an issue of fact as to whether such a relationship existed.

The vehicle exception to governmental immunity applies only to situations where an employee of a local agency actually operates the vehicle in question. *Capuzzi v. Heller*, 125 Pa.Commonwealth Ct. 678, 558 A.2d 596 (1989). The Supreme Court has held that the term "operation" is to be strictly construed to mean actually putting a vehicle in motion. *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). In an affidavit filed in support of its motion for summary judgment, the City states that Cecil R. Gold was not an employee of the City, and in an affidavit dated October 20, 1986, Mr. Gold attests that he was acting within the course and scope of his employment with Butler Ambulance on the date of the accident. Appellants have presented no evidence to contradict these sworn statements, and their argument that a question of fact remains as to control of the vehicle must therefore fail. This Court has rejected the argument that mere control of a motor vehicle by a local agency is sufficient to trigger the motor vehicle exception to governmental immunity. *Burkey v. Borough of Auburn*, 100 Pa.Commonwealth Ct. 110, 514 A.2d 273 (1986), *appeal denied*, 515 Pa. 625, 531 A.2d 432 (1987); *Davies v. Barnes*, 94 Pa.Commonwealth Ct. 145, 503 A.2d 93 (1986). In order for the exception enumerated in Section 8542(b)(1) to be applicable, there must be some facts indicat-

ing that the vehicle was operated by a government official. *Davies; Capuzzi.*

■■■■ Appellants have similarly failed to present any evidence of a principal-agent relationship between the City and Butler Ambulance. The existence of such a relationship is determined by the agreement made by the parties defining the circumstances under which the agent may act for the principal. Implicit in this relationship is the consent by the principal that one may act on his or her behalf and subject to his or her control. *Kelly v. U.S. Steel Corp.,* 170 F.Supp. 649 (W.D.Pa.1959). The agreement of June, 1981 reflects no such agreement by either party. The City assumed no responsibility or control over the day-to-day actions of Butler Ambulance as it went about the business of providing ambulance services.

Accordingly, the orders granting the City's motions for summary judgments are affirmed.

### ORDER

AND NOW, this 26th day of December, 1989, the orders of the Court of Common Pleas of Butler County sustaining the motions for summary judgment filed by the City of Butler are affirmed.