## O'Brien v. Bennote

*Irwin Schneider* and *Michael R. Goffer,* for plaintiff.
*Jordan H. Pecile,* for defendant Pittston Area School District.

LOKUTA, *J.,* April 13, 1993—

### NATURE OF PROCEEDINGS

This matter is before the court on the preliminary objection of defendant, Pittston Area School District, in the nature of a demurrer.

### HISTORY AND FACTS

On November 5, 1992, the plaintiff, Mary O'Brien, filed a four-count complaint seeking damages for injuries allegedly sustained in an accident which occurred on or about April 16, 1991, when her automobile was struck by a bus owned by defendant Yatesville Bus Co. Inc., and operated by the defendant Jacqueline W. Bennote, which was transporting Pittston Area School District stu-

dents. Count III of plaintiff's complaint against the Pittston Area School District alleges negligence as follows:

"(a) In employing the Yatesville Bus Co. Inc. to transport students when they knew or should have known that the company employed unqualified, reckless and negligent drivers;

"(b) Directing and instructing the defendant, Yatesville Bus Co. Inc., to transport students in a vehicle which they knew, or in the exercise of reasonable care, should have known, that such direction and instruction created a risk of harm to the plaintiff;

"(c) In allowing the defendant, Yatesville Bus Co. Inc., an agent, servant, worker and/or employee, to provide an inadequate and unsafe vehicle for the transportation of school students;

"(d) In allowing the defendant, Yatesville Bus Co. Inc., an agent, servant, worker and/or employee, to designate, direct, authorize and instruct an unqualified, reckless and dangerous driver to transport the school students;

"(e) In allowing the defendant, Yatesville Bus Co. Inc., its agents, servants, worker and/or employee, to transport school students in an unsafe vehicle."

On November 20, 1992, defendant Pittston Area School District filed the instant preliminary objection alleging governmental immunity pursuant to section 8541 of Title 42 of the Pennsylvania Consolidated Statutes (42 Pa.C.S. §8541). Plaintiff in turn counters that the cause of action falls within the section 8542(b)(1) exception relating to operation of a motor vehicle.

## DISCUSSION AND LAW

It has been held that a demurrer admits all well-pleaded facts as well as inferences which are fairly deducible therefrom. *Creeger Brick v. Mid-State Bank,* 385 Pa.

Super. 30, 560 A.2d 151 (1989). A demurrer should be sustained only in cases where a plaintiff has clearly failed to state a claim upon which relief may be granted and should not be sustained if there is any doubt as to whether the complaint states a claim under any theory of law. *Wicks v. Milzoco Builders Inc.*, 503 Pa. 614, 470 A.2d 86 (1983).

With these principles in mind, we turn to a consideration of Pittston Area School District's preliminary objection.

Section 8541 of Title 42, Pennsylvania Consolidated Statutes, mandates that, "except as otherwise provided, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." There is no dispute that Pittston Area School District is a "local agency" pursuant to 42 Pa.C.S. §8501.

Title 42 Pa.C.S. §8542(b) provides that "the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

" '(1) Vehicle liability—the operation of any motor vehicle in the possession or control of the local agency....'"

Plaintiff argues that her complaint specifically alleges that the school district employed Yatesville Bus Co. to bring children to and from school, and that it was through this employment that the accident occurred, and, therefore, the exception set forth in section 8542(b)(1) should pertain. We disagree.

Paragraph 2 of the plaintiff's complaint avers that the defendant, Jacqueline W. Bennote (the operator of the bus), was an "agent, servant, workman and/or employee of defendant, Yatesville Bus Co. Inc...." The vehicle exception to governmental immunity applies only to situations where an *employee of a local agency* operates the vehicle in question. See *Burnatoski v. Butler Am-*

*bulance Service,* 130 Pa. Commw. 264, 567 A.2d 1121 (1989); *Capuzzi v. Heller,* 125 Pa. Commw. 678, 558 A.2d 596 (1989). The Pennsylvania Supreme Court has construed the term "operation" to mean actually putting a vehicle in motion. *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). Mere control of the motor vehicle by a local agency is not sufficient to trigger the motor vehicle exception to governmental immunity. *Burkey v. Borough of Auburn,* 100 Pa. Commw. 110, 514 A.2d 273 (1986), *appeal denied,* 515 Pa. 625, 531 A.2d 432 (1987). In order for the exception of section 8542(b)(1) to apply, there must be facts indicating that the vehicle *was operated by a government official. Burnatoski, supra* at 269-70, 567 A.2d at 1124. Plaintiff, by her own pleading, avers that the operator of the bus was an employee of defendant, Yatesville Bus Co., and, even if the school district had the authority to direct the bus company, the motor vehicle exception does not apply. See *Burkey, supra.* To hold otherwise would be to broaden the scope of local agency liability in contravention of expressed legislative intent to insulate political subdivisions from tort liability. See *Farber v. Pennsbury School District,* 131 Pa. Commw. 642, 571 A.2d 546 (1990).

Accordingly, we enter the following

### ORDER

It is hereby ordered, adjudged, and decreed:

(1) The preliminary objection of the defendant, Pittston Area School District, in the nature of a demurrer is sustained, and Count III of plaintiff's complaint is dismissed;

(2) The prothonotary is directed to give notice of the entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.