**Maurer v. Wanamaker**

C.P. of Lehigh County, no. 99-C-3193.

*John N. Zervanos,* for plaintiffs.
*Leigh C. McCardle,* for defendant Wanamaker.

*Paul E. Smith,* for defendant Northwestern Lehigh School District.

*William J. Ferren,* for defendant Shipwash.

BLACK, *J.,* July 31, 2001—

## ORDER

Now, July 25, 2001, upon consideration of the motion of defendant Northwestern Lehigh School District for summary judgment and plaintiffs' response thereto, and after oral argument, it is ordered that said motion is hereby granted, and summary judgment is entered in favor of defendant Northwestern Lehigh School District against plaintiffs.

## OPINION

This opinion is submitted in support of my order of July 25, 2001, granting the motion of defendant Northwestern Lehigh School District for summary judgment in its favor. The school district contends in its motion that plaintiffs' claims against the district are barred by the doctrine of governmental immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq. Although there are certain exceptions to the bar of governmental immunity under the Act, I have concluded that none of these exceptions applies in the instant case.

This is a wrongful death and survival action brought by the parents of Christopher Maurer, who suffered fatal injuries in an automobile accident on November 16, 1998. The decedent was a passenger in an automobile oper-

ated by defendant Emily Ann Wanamaker along Holbens Valley Road in Lynn Township, Lehigh County, Pennsylvania. Wanamaker lost control of the vehicle she was operating, causing it to leave the roadway. Plaintiffs allege that their son's death was caused by Wanamaker's negligence in failing to maintain control over her vehicle and also by negligence on the part of defendant Kyle Reed Shipwash, who was the driver of another vehicle that had passed the Wanamaker vehicle shortly before the accident.

The decedent and both individual defendants were students at Northwestern Lehigh High School. At the time of the accident they were traveling from the high school to a home for senior citizens. Their purpose was to assist two other students, Michelle Striegel and Beth Zellner, who were passengers, in completion of their senior project. Completion of a senior project was a required part of the school curriculum. This particular project involved organizing a group to assist residents of the home in a recreational therapy session, including making crafts. To carry out the project Striegel and Zellner were responsible for arranging transportation to the senior citizen home.

Plaintiffs have joined Northwestern Lehigh School District as a co-defendant on theories of negligent entrustment and vicarious liability. In response to the school district's claim of immunity from suit, plaintiffs argue that their causes of action fall within the exception to governmental immunity for tortious conduct in "[t]he operation of any motor vehicle in the possession or control of the local agency." 42 Pa.C.S. §8542(b)(1).

## THE LEGAL STANDARD

The standard for reviewing a summary judgment motion is well established.

"Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . The reviewing court must view the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party." *Basile v. H & R Block Inc.,* 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000). (citations omitted)

Under Pa.R.C.P. 1035.2, a party responding to a motion for summary judgment has a significant burden. If the record on which the motion is submitted does not contain sufficient evidence of facts essential to the non-moving party's cause of action or defense, the non-moving party must produce such evidence by way of affidavit, admissions, answers to interrogatories or depositions. As the Pennsylvania Supreme Court stated in *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996):

"Allowing non-moving parties to avoid summary judgment where they have no evidence to support an issue on which they bear the burden of proof runs contrary to the spirit of Rule 1035. . . .

"Thus, we hold that a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury

could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

## THE SCHOOL DISTRICT'S IMMUNITY

It is undisputed that the school district is a "local agency" under the Act, and that as such it is generally immune from suit for negligence. 42 Pa.C.S. §8541. However, this immunity is not absolute. A local agency will be liable for negligent misconduct if the following three conditions are met: "(1) damages would be otherwise recoverable under common law or statute, 42 Pa.C.S. §8542(a)(1); (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties, 42 Pa.C.S. §8542(a)(2); and (3) the negligent act of the local agency falls within one of eight enumerated categories. 42 Pa.C.S. §8542(b)." *White v. School District of Philadelphia,* 553 Pa. 214, 217, 718 A.2d 778, 779 (1998). One of the eight enumerated categories allowing for liability is the motor vehicle exception referred to above.

Plaintiffs' case against the school district fails to meet any of these three conditions as a matter of law. With regard to the first condition, the record does not support a finding that the school district was negligent in entrusting the student drivers, Wanamaker and Shipwash, with vehicles or in allowing them to drive. The district did not supply any vehicles to Wanamaker or Shipwash; these students operated automobiles provided by their own families. Both Wanamaker and Shipwash were licensed to drive by the Commonwealth of Pennsylvania,

and nothing in the record suggests that the school district knew or should have known that they were incompetent drivers.

As for the claim of vicarious liability, it is basic tort law that a defendant cannot be held liable for the negligence of another on a theory of respondeat superior unless the tort-feasor was the defendant's servant or employee acting within the scope of his employment. A master/servant or employer/employee relationship exists where one party is engaged to act on behalf of another party, referred to as the principal; and the principal has the right to control the details of the agent's performance. Here there is no evidence of such a relationship. Wanamaker and Shipwash were merely students of the school district. They were never engaged to act on behalf of the district. The students running the project, Striegel and Zellner, not the school district, were responsible for arranging transportation to the project location. Thus, there is no common law or statutory basis for the school district to be held vicariously liable for the alleged negligence of Wanamaker or Shipwash.

Plaintiffs have also failed to meet the second condition, namely that the accident was caused by the negligent act of the local agency or "an employee thereof acting within the scope of his office or duties. . . ." 42 Pa.C.S. §8542(a)(2). An employee is defined in the Act as "[a]ny person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not. . . ." 42 Pa.C.S. §8501.

Plaintiffs contend that Wanamaker and Shipwash were acting on behalf of the school district while driving themselves and their fellow students from the school to the

senior citizens home for the school-approved service project. However, although Striegel and Zellner had to complete the project as a curriculum requirement, all the students involved were acting for their own benefit, not for the benefit of the school district. A student does not become an employee or agent of the school district merely because he or she is traveling to classes or to other school-sponsored activities, whether the activities are required or not.

This was the conclusion reached by the Commonwealth Court in *Capuzzi v. Heller,* 125 Pa. Commw. 678, 687, 558 A.2d 596, 600 (1989). There a student was driving from his high school to a vocational school during school hours, when he engaged another student driver in an automobile race. During this race, the first student driver failed to stop for a red traffic light and collided with another vehicle, causing the death of the driver of this vehicle. A wrongful death and survival action was brought against the vocational school to which the students were driving, as well as both student drivers and others. The plaintiffs in Capuzzi advanced the same theories that plaintiffs are advancing here: first, that the school had negligently entrusted the two students with responsibility for driving themselves to the vocational school; and second, that at the time of the accident the students were agents of the school district such that the district could be held vicariously liable for their actions. The Commonwealth Court upheld the grant of summary judgment in favor of the vocational school on the basis of governmental immunity. The court concluded that neither the negligent entrustment claim nor the vicarious liability claim could proceed against the school because

the students were not agents or employees of the school. The court stated:

"Appellants provide us with no appellate authority supporting the proposition that an employment relationship between a school and one of its students arises out of the mere fact that the student drives himself to school either with the school's express permission or with its knowledge of his intent to do so and with acquiescence. In the absence of such authority we refuse to conclude that an employment relationship exists between the vo-tech school and that student under these circumstances.

"The real thrust of the appellants' complaint as to the vo-tech school is that it was negligent in permitting incompetent and uninsured student drivers to drive themselves and other students to school. As previously noted, recovery under this theory of negligence is not permitted under the vehicle exception." *Capuzzi v. Heller,* at 687, 558 A.2d at 600.

In a similar case, *Davies v. Barnes,* 94 Pa. Commw. 145, 503 A.2d 93 (1986), the Commonwealth Court also rejected a negligent supervision claim against a vocational school on the ground of governmental immunity. In that case a student was killed while a passenger in a vehicle driven by another student. The two students had taken a car from a shop class in which they were enrolled. The students had been working on the car as part of a class project. The family of the deceased student asserted a claim against the school on the theory that the school had failed to adequately supervise the student's activities. The plaintiffs asserted that this claim was cognizable under either the motor vehicle or real property exceptions to governmental immunity. The Common-

wealth Court declined to apply either exception, refusing to equate a student with an employee. The court stated:

"Clearly, in order for this section to be applicable to the case before us, there must be an allegation that the vehicle was operated by a school official. Since it is undisputed that the car in question was driven by a student at the time of the accident, we must reject appellants' argument." *Davies,* at 148, 503 A.2d at 95.

In the instant case plaintiffs argue that the school district received benefits from the students' senior project in two ways. First, if its students do not meet curriculum requirements, which include the senior project, the school district could lose state funding. Second, the school district receives community goodwill from the project itself. These are collateral benefits, however. They do not create an agency relationship. There is no evidence that Wanamaker and Shipwash were motivated in any way by a desire either to prevent the school district from losing grant moneys or to improve the school's goodwill in the community.

Under plaintiffs' reasoning, any student who drives an automobile to school is acting on behalf of the school district because if the student did not attend class, he or she would not meet curriculum requirements and the school would then lose grant money as well as community goodwill. This line of reasoning is unrealistic. It confuses incidental benefits to the school with the actual motivations of the student drivers.

The fact that two of the student passengers were required to complete the project does not lead to a different conclusion. The "Project Introduction" prepared by

the school district to explain the senior project requirement states that the development and implementation of the project "is designed to develop in each student or group of student, [sic] the ability to apply, analyze, synthesize and evaluate information and communicate significant knowledge and understanding of a topic." [1]

Thus, the school district itself in its materials acknowledges that a student's participation in the program is for a student's own benefit. The introduction does not mention anything about preserving state grants or creating goodwill in the community. The record does not support an inference that Wanamaker or Shipwash were acting on behalf of the school district by assisting other students in completing their required senior project.

Finally, plaintiffs have failed to meet the third condition, namely that the act of the local agency must fall within one of eight enumerated categories in 42 Pa.C.S. §8542(b). Plaintiffs rely on the motor vehicle exception, pursuant to which a local agency may be held liable for negligence in "[t]he operation of any motor vehicle in the possession or control of the local agency." 42 Pa.C.S. §8542(b)(1). However, the vehicles operated by Wanamaker and Shipwash were not "in the possession or control of" the school district. Therefore, the motor vehicle exception does not apply.

Our Supreme Court has held that exceptions to governmental immunity under 42 Pa.C.S. §8542(b) are to be construed narrowly. Thus, in *White v. School District of Philadelphia,* 553 Pa. 214, 218, 718 A.2d 778, 779 (1998), the court stated:

---

1. Plaintiffs' response to motion of defendant Northwestern Lehigh School District for summary judgment, exhibit 4.

"Because the legislature expressed its clear intent to insulate political subdivisions from tort claims, ... Pennsylvania courts must apply narrowly the exceptions to governmental immunity, including this 'motor vehicle' exception." See also, *Love v. City of Philadelphia*, 518 Pa. 370, 373-74, 543 A.2d 531, 533 (1998); *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987).

As noted above, Wanamaker and Shipwash were driving vehicles provided by their own families, not the school district. No teacher or employee of the school district was present in either of the vehicles. Thus, it is not possible to conclude that either of these vehicles was in the possession or control of the school district.

Plaintiffs argue that the school district had control over the development and implementation of senior projects in that students were required to meet with a faculty advisor on a regular basis to develop the project; the project was reviewed and approved by an advisory committee; and participating students were required to obtain parental permission slips and to submit the names of participating students, identifying those students who would act as drivers. Plaintiffs also argue that the district exercises control over student drivers by requiring students who desire to drive to school to obtain permission from the school and to abide by driving policies contained in the Student-Parent Handbook. This handbook provides:

"[D]riving a car to school is a privilege which will be withdrawn upon improper use of cars by students driving to school as stipulated in the signed application."[2]

---

2. Plaintiffs' response to motion of defendant Northwestern Lehigh School District for summary judgment, exhibit 15.

The application referred to lists several bases for suspension of a student's driving privileges, primarily because of improper actions on school property such as speeding or reckless driving or loitering.

However, although the district has the right to regulate the conduct of its students while they are on school property or while they are participating in school functions, this does not make the students into employees of the district. The Commonwealth of Pennsylvania issues drivers' licenses and regulates the operation of motor vehicles on the streets and highways of the Commonwealth. But that does not make every licensed driver a Commonwealth employee.

The accident in this case occurred on a public road a substantial distance from the school, and no school employee was present. There is no evidence that the school district exercised control over the details of performance by the student drivers. Plaintiffs have not cited any legal authority requiring the school district to provide transportation to the project site. Since the concept of "control" as used in the motor vehicle exception is to be construed narrowly, there is simply no basis for me to conclude that the Wanamaker and Shipwash vehicles were in the control of the school district at the time of the accident.

In this case, as in *Capuzzi,* the students were driving recklessly from the high school to a destination approved by the school for a curriculum-related activity. In each case one of the automobiles ended up in an accident resulting in a death. Since the Commonwealth Court declined to impute liability to the school district in *Capuzzi,* I cannot impute liability to the school district in this case.

## CONCLUSION

For the reasons stated, plaintiffs have not met any of the three requirements for the school district to be liable under the Political Subdivision Tort Claims Act. They have not established a viable claim for damages under common law or statute; they have not established that the accident resulted from a negligent act of the local agency or an employee acting within the scope of his official duties; and they have not established that the accident resulted from the operation of a motor vehicle in the possession or control of the school district. Therefore, the school district's motion for summary judgment must be granted.