627 A.2d 234

**CITY OF PHILADELPHIA, Appellant,**

v.

**Kathleen MELENDEZ.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1993.

Decided June 15, 1993.

272

Alan C. Ostrow, Asst. City Sol., for appellant.

James McEldrew, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia (City) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which denied its motion for summary judgment. We reverse.

This action was commenced on February 14, 1992 when Kathleen Melendez (Melendez) filed a complaint against the City and Richard Klein (Klein). Melendez alleged that on September 25, 1991, she was operating an automobile entering Eighth Street from a private drive. She further alleged that a City-owned vehicle was unlawfully parked along the curb of Eighth Street, thereby blocking her view of traffic. As Melendez was exiting the driveway, her automobile collided with an automobile driven by Klein. Melendez asserted that the City was negligent because its employee, acting within the scope of his employment, had parked the vehicle in an unlawful and unsafe manner without due regard for the safety of others. The City filed an answer, specifically denying negligence and asserting as new matter the immunity protections of what is commonly referred to as the Political Subdivision Torts Claims Act.[1]

Following limited discovery, the City filed a motion for summary judgment, contending that it was immune from liability. Specifically, the City asserted that because the City vehicle was parked and, therefore, not in operation at the time of the collision, the motor vehicle exception to governmental immunity did not apply. The City further asserted that a parked vehicle on a City street did not trigger the streets exception. Accordingly, the City argued that it was entitled to judgment as a matter of law.

1. 42 Pa.C.S. §§ 8541–8542.

On October 9, 1992, the trial court denied the City's motion, specifically concluding that "it is not the parked vehicle but the act of parking a vehicle which constitutes the negligent operation and therefore falls within the motor vehicle exception." The City filed a petition for reconsideration which was denied by order of the trial court dated November 4, 1992. By order of this court dated December 31, 1992, the City was granted leave to appeal the interlocutory order of the trial court.

■ The issue presented on appeal to this court is whether the trial court erred as a matter of law in denying the City's motion for summary judgment.[2] Summary judgment shall be entered where the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035; *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

■ Given the express legislative intent to insulate political subdivisions from tort liability, exceptions to the rule of governmental immunity must be narrowly interpreted. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). The motor vehicle exception to governmental immunity provides that a local agency or its employees may be held liable for the operation of any motor vehicle in the possession or control of the local agency. 42 Pa.C.S. § 8542(b)(1).

■ The City argues that case law has clearly established that a parked vehicle is not in operation, and that claims involving a parked vehicle are not actionable under the vehicle exception to governmental immunity. We agree.

In *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), an elderly woman was injured while exiting from a City-owned van. The van was parked at the curb and a City

2. In reviewing a grant or denial of summary judgment, we must determine whether the trial court abused its discretion or committed an error of law. *Sanchez v. Philadelphia Housing Authority,* 148 Pa. Commonwealth Ct. 329, 611 A.2d 346 (1992).

employee was assisting the woman down portable stairs placed at the doors to the van. The supreme court examined the definition of the word "operation" and concluded that to operate something means to actually put it in motion. The court further concluded that "[m]erely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Id.* 518 Pa. at 374, 543 A.2d at 533. (emphasis in original).

This court recently applied the supreme court's definition of operation in *First National Bank of Pennsylvania v. Commonwealth, Department of Transportation,* 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992). In *First National* the plaintiff brought a wrongful death and survival action against the Department of Transportation (DOT) after her car collided with a DOT vehicle which was parked on or near the right-hand berm of a road. The vehicle was temporarily parked with its lights flashing because DOT employees intended to place delineators on an adjacent road. The trial court granted DOT's motion for summary judgment and this court affirmed. Specifically, we concluded that the vehicle was not in operation because it was parked at the side of the road, rather than temporarily stopped in traffic. Therefore, we held that the motor vehicle exception to sovereign immunity did not apply.[3]

In the present action the trial court denied the City's motion for summary judgment based on the conclusion that the act of parking the vehicle was operation and, therefore, the motor vehicle exception to governmental immunity applied. However, Melendez has never asserted that the vehicle was being parked at the time of the collision. According to the specific facts alleged in Melendez's complaint and those derived from discovery, the vehicle was already parked at the time of the collision. Therefore, the vehicle was no longer in operation and the motor vehicle exception to governmental immunity does not apply.

3. Although *First National* involved the motor vehicle exception to sovereign immunity, 42 Pa.C.S. § 8522, rather than governmental immunity, 42 Pa.C.S. § 8542, governmental and sovereign immunity exceptions are similarly construed. *Snyder.*

Melendez also asserts that the streets exception to governmental immunity serves to limit the City's immunity because the subject street and the vehicle parked on the street were City-owned, the vehicle was presumably placed there by a City employee, and the City must have known about the dangerous condition of the street. The streets exception provides that a local agency may be held liable for:

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonable foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6)(i).

The above-cited language unambiguously states that the dangerous condition must be that *of* the street, not *on* the street. The condition must derive, originate from or have as its source the City's realty. *Snyder; First National.* Accordingly, we conclude that even if the accident were caused by the presence of the City-owned vehicle parked on a City-owned street, as a matter of law, the streets exception to governmental immunity would not apply.

Finally, Melendez, citing *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992), asserts that the trial court properly denied the City's motion for summary judgment because the City is liable for the alleged active negligence of its employees. In *Crowell,* the supreme court concluded that a governmental unit could be subjected to liability despite the presence of an additional tortfeasor if the governmental unit's actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person. However, this conclusion was based on the specific requirement that the facts of the case fall squarely within one of the exceptions to governmental immunity. *Id.* As previously established, the facts of this case do not fall within any

of the potentially applicable exceptions to governmental immunity, and therefore, *Crowell* does not apply.

Because this case fails to present a genuine issue of material fact and the City is immune from liability as a matter of law, we conclude that the trial court erred in denying the City's motion for summary judgment.

Accordingly, the order of the trial court is reversed and the matter remanded to the trial court with instructions to enter summary judgment on behalf of the City.

## ORDER

AND NOW, June 15, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the matter remanded to the trial court with instructions to enter summary judgment on behalf of the City of Philadelphia.

FRIEDMAN, Judge, Dissenting.

The majority concludes that the facts of this case do not fall within any of the specifically enumerated exceptions to governmental immunity contained in 42 Pa.C.S. § 8542(b). I disagree with this conclusion and respectfully dissent.

Kathleen Melendez was injured when she was attempting to exit from a parking lot onto a street in the City of Philadelphia (the City) and her car was struck by an automobile driven by Richard Klein. She sued both Klein and the City. She alleged that the City was negligent because one of its employees had parked a City owned vehicle on the street in such a manner as to block her view, thereby preventing her from safely exiting onto the public street.

The City filed a motion for summary judgment, arguing therein that it was immune from liability under the provisions of 42 Pa.C.S. § 8542. The trial court denied the City's request for summary relief and also denied its request for reconsideration. The City filed a petition for review in this court, seeking permission to appeal from the interlocutory

order denying its motion for summary judgment. Melendez filed a motion to quash the petition for review. By order of December 31, 1992, this court permitted the City to appeal the interlocutory order and denied Melendez' motion to quash.

The majority holds that the facts of this case do not fall within any of the exceptions to governmental immunity contained in 42 Pa.C.S. § 8542(b). There, the Legislature has provided:

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on the local agency:

(1) Vehicle liability.—The operation of a motor vehicle in the possession or control of the local agency. . . .

As I believe that this exception is applicable to the present situation, I believe the trial court properly denied the City's motion for summary judgment.[1]

The majority rationalizes its reversal of the trial court's order denying summary judgment to the City as follows:

In the present action the trial court denied the City's motion for summary judgment on the conclusion that the act of parking the vehicle was operation and, therefore, the Tort Claims Act did not preclude governmental liability. However, Melendez has never asserted that the vehicle was being parked at the time of the collision. According the specific fact alleged in Melendez's complaint and those derived from discovery, the vehicle was already parked at the time of the collision. Therefore, the vehicle was no longer in operation and the motor vehicle exception to the Tort Claims Act does not apply.

(Majority opinion, 627 A.2d pp. 275–276, p. 236.) I do not believe that this reasoning can withstand critical scrutiny.

---

1. Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Pa.R.C.P.No. 1035(b). As the Supreme Court has stated, "An entry of summary judgment may be granted only in cases where the right is clear and free from doubt." *Marks v. Tasman*, 527 Pa. 132, 134–45, 589 A.2d 205, 206 (1991).

The majority relied upon two cases in reaching its conclusion. It first relies upon *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). In that case, the driver of a van owned by the City had parked and was assisting an elderly passenger who was exiting the van; the passenger fell and was injured. The Supreme Court, over the dissents of Justices Larsen and Papadakos, held that the act described above did not constitute "operation" of a vehicle as envisioned by the Legislature in 42 Pa.C.S. § 8542(b)(1). I believe there is a crucial difference between assisting a passenger from a parked van and *actually parking a vehicle* when analyzing section 8542(b)(1). For that reason alone, I believe that *Love* is distinguishable and does not apply to the present case.

The majority also relies upon our decision in *First National Bank of Pennsylvania v. Department of Transportation*, 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992). In that case, a minor was killed when the car in which he was riding collided with a vehicle which was parked on or near the berm of the road; the vehicle was owned by the Department of Transportation. At the time of the accident, an employee of DOT was sitting in the driver's seat with the keys in the ignition and the motor running while other employees were preparing to delineators on a state highway. We nonetheless concluded that this fact pattern did not fall within section 8542(b)(1)'s exception to immunity. In reaching this conclusion we relied upon both *Love* and *Pennsylvania State Police v. Robinson*, 123 Pa.Commonwealth Ct. 401, 554 A.2d 172 (1989). In the latter case, an accident occurred when a state police vehicle was stopped *in the left hand passing lane* of a highway while investigating an accident. We held that such conduct was not "operation" of a vehicle for immunity purposes. *Robinson* relied upon *Love* in reaching its conclusion.

With all due respect, I believe that both *Robinson* and *First National Bank* were incorrectly decided. As I have already stated, *Love* is distinguishable and does not support such a result. Furthermore, imagine for a moment that the driver of a government owned vehicle suddenly stopped the vehicle for no valid reason at the front of a line of traffic, thereby starting

a chain of rear end collisions. Carrying the rationale of *Robinson* and *First National Bank* to its logical end, the governmental entity would be liable if the collision occurred before the government vehicle had not come to a complete stop but would not be if a complete stop had occurred. The Legislature has provided that "[i]n ascertaining the intention of the General Assembly ... the following presumptions may be ... used: (1) That the General Assembly does not intend a result which is absurd...." 1 Pa.C.S. § 1922 (Supp.1992–93). Such a result as set forth in the hypothetical above is, in my view, absurd.

For all of the reasons set forth above, I believe that Melendez may be entitled to recover under the vehicle liability exception of section 8542(b)(1). Hence, this dissent.