**Alexandra PANA, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

**Taek Soo NAM and Hyo Sook Nam, h/w**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

**Appeal of Taek Soo NAM, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Feb. 6, 1995.

Publication Ordered April 25, 1995.

Theodore A. Schwartz, for appellant Pana.

Robert J. Foster, for appellant Nam.

Joan A. Zubras, for appellee.

Before McGINLEY and FRIEDMAN, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Alexandra Pana and Taek Soo Nam (collectively, Appellants) appeal from two orders of the Court of Common Pleas of Philadelphia County (trial court) which granted the Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment.

On January 3, 1989, Glen Alton Barhight entered SEPTA's bus depot located at Bridge Street and Frankford Avenue. Barhight boarded a bus which was open and had its motor running. Barhight drove the bus out of the depot and then through the streets of Philadelphia, Montgomery and Bucks Counties, eventually striking a number of vehicles, including vehicles driven by Taek Soo Nam and Alexandra Pana.

Appellants brought suit against SEPTA alleging that SEPTA was negligent in the operation of its motor vehicles. The specific acts of negligence alleged by Appellants are as follows: (1) failing to secure its buses from theft; (2) permitting its buses to remain open, unattended and/or running; and (3) failing to utilize a key ignition system for the starting of the buses.[1] SEPTA filed an answer and new matter asserting the defense of sovereign immunity. Appellants thereafter filed a motion for partial summary judgment requesting that the trial court deny SEPTA's claim of sovereign immunity. SEPTA also filed a motion for summary judgment asserting that Barhight was not an employee of SEPTA, therefore Appellants' cause of action does not lie within the motor vehicle exception to sovereign immunity.

---

1. Nine other suits were brought against SEPTA arising from the same underlying facts. By order of the trial court dated October 27, 1993, the eleven cases were consolidated for purposes of discovery and trial only.

The trial court denied Appellants' motion for partial summary judgment and granted SEPTA's motion. Appellants now appeal to this Court.

On appeal, Appellants contend (1) that SEPTA created a dangerous condition through the operation and control of its vehicles and (2) Barhight's actions do not constitute a superseding cause relieving SEPTA of liability.

■ Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Nelson v. City of Philadelphia*, 149 Pa.Commonwealth Ct. 611, 613 A.2d 674 (1992). A trial court may properly grant summary judgment when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Bruce v. Department of Transportation*, 138 Pa.Commonwealth Ct. 187, 588 A.2d 974 (1991), *petition for allowance of appeal denied*, 533 Pa. 626, 620 A.2d 492 (1993).

■ A plaintiff seeking to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, must meet two distinct requirements. First, the plaintiff must show that he or she possesses a common law or statutory cause of action against a Commonwealth party, 42 Pa.C.S. § 8522(a), and second, he or she must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b), 42 Pa.C.S. § 8522(b).

The exception at issue here is the vehicle liability exception which provides:

(b) **Acts which may impose liability.**— The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) **Vehicle liability.**—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

■ Cases construing the vehicle exception to governmental immunity, 42 Pa.C.S. § 8542(b)(1), have held that this exception applies only to situations where an employee of a local agency actually operates the vehicle in question. *Burnatoski v. Butler Ambulance Service Co.*, 130 Pa.Commonwealth Ct. 264, 567 A.2d 1121 (1989); *Capuzzi v. Heller*, 125 Pa.Commonwealth Ct. 678, 558 A.2d 596 (1989); *Burkey by Burkey v. Borough of Auburn*, 100 Pa.Commonwealth Ct. 110, 514 A.2d 273 (1986); *Davies v. Barnes*, 94 Pa.Commonwealth Ct. 145, 503 A.2d 93 (1986). In *Love v. City of Philadelphia*, 518 Pa. 370, 375, 543 A.2d 531, 533 (1988), our Supreme Court stated that to operate a motor vehicle means "to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." (Emphasis in original.) [2]

Appellants acknowledge these principles of law, but argue that SEPTA created a hazardous condition in leaving its buses open, running and unattended and the creation of this hazardous condition imposes liability on SEPTA even though the vehicle was not being driven by a SEPTA employee at the time the injuries occurred. In support of this argument, Appellants cite *City of Pittsburgh v. Jodzis*, 147 Pa.Commonwealth Ct. 234, 607 A.2d 339 (1992), *petition for allowance of appeal denied*, 533 Pa. 647, 622 A.2d 1378 (1993). However, *Jodzis* does not support Appellants' argument.

In *Jodzis*, the appellee was injured when he collided with a police car in an attempt to evade a roadblock. He filed an action against the City of Pittsburgh alleging, *inter alia*, that he was recklessly struck by a police car. A verdict was rendered in his favor and the City appealed raising numerous allega-

---

2. *Although these cases involved the vehicle exception to governmental immunity, the analysis is applicable here because governmental and sovereign immunity exceptions are to be given a* similar construction. *First National Bank of Pennsylvania v. Department of Transportation*, 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992).

tions of error. In addressing the City's argument that the trial court improperly admitted testimony relative to standards for the proper use and setting up of roadblocks, this Court stated: "In setting up a roadblock, the operator of the vehicle must place the vehicle into position, and in doing so may create an unnecessary hazard. Under the facts of this controversy, the claim that the roadblock was improperly conducted, even if the decision to use it was proper, involves the actual operation of the vehicle." *Id.* at 253, 607 A.2d at 349. It is the movement of the police vehicle into position which brought *Jodzis* within the vehicle exception and not, as Appellants suggest, the creation of an allegedly dangerous condition by a stationery vehicle.

 Appellants also argue that under *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), an action can be maintained against SEPTA despite the presence of another tortfeasor. In *Crowell*, the Supreme Court stated that "[a] governmental unit can be subjected to liability despite the presence of an additional tortfeasor if the governmental unit's actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person." *Id.* at 412, 613 A.2d at 1184. However, this conclusion was based on the assumption that the specific facts fall squarely within one of the exceptions to immunity. *Id.* It is undisputed here that, at the time the injuries were inflicted, the SEPTA bus was not being operated by an employee of SEPTA, or by one of its agents or anyone with authority to do so. In fact, the negligence claimed is not in the operation of the bus, but in leaving the bus unattended and making it possible for the unauthorized operator to steal it and operate it. This puts the instant case squarely within the holding in *Love*. Thus, Appellants' cause of action does not lie within the vehicle exception to sovereign immunity and *Crowell* does not apply.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 6th day of February, 1995, the orders of the Court of Common Pleas of Philadelphia County in the above-captioned matters are affirmed.