**Wieczorek  v.  Cacchione**

C.P. of Erie County, no. 13716-1994.

*Michael E. Dunlavey,* for plaintiffs.
*James W. Harvey,* for defendants.

LEVIN, *J.,* May 11, 1995—Before the court is a motion brought by defendants, Tom Cacchione Jr. and the City of Erie, to amend the court's order of April 26, 1995, to include certification for interlocutory appeal. In that order, the court denied defendants' motion for judgment on the pleadings based on a finding that the facts of this case fall within the motor vehicle exception to governmental immunity. 42 Pa.C.S. §§8541-8542. Specifically, the court found that an improperly parked and unoccupied vehicle was operating when it rolled into plaintiffs' home.

The standard for interlocutory appeal is set forth in 42 Pa.C.S. §702(b) which provides:

"Interlocutory appeal by permission—when a court . . ., in making an interlocutory order in a matter in which its final order would be within the jurisdiction of the appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall also state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."

The instant case is appropriate for interlocutory appeal. The issue of governmental immunity raises a controlling question of law. Due to the precedent on this issue, discussed *infra,* there is a substantial ground for difference of opinion as to whether the motor vehicle was operating in the instant case. Judicial economy is also indicated where plaintiffs' entire case will fail, if defendant is indeed entitled to judgment on the pleadings. Accordingly, this court will grant certification of this interlocutory appeal and discuss its reasons for denying defendants' motion for judgment on the pleadings.

"A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1034. Thus, a trial court must confine its consideration to the pleadings and relevant documents and accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings, presented by the party against whom the motion is filed. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise." *McAllister v. Millville Mutual Insurance Co.,* 433 Pa. Super. 330, 334, 640 A.2d 1283, 1285 (1994). (citations omitted)

In considering this motion, the court has accepted as true all well pleaded facts in plaintiffs' complaint. Plaintiffs allege that this action arose on May 20, 1993, when Cacchione was working as a truck driver for the City of Erie. During the performance of his duties, Cacchione parked his city vehicle, left the motor running and exited the vehicle. The unoccupied vehicle then rolled backwards and crashed into plaintiffs' home caus-

4

ing extensive damage to the building. Plaintiff Esther Wieczorek, who was in the home at the time of impact, alleges severe physical and mental injuries as a result of defendants' negligence. Primarily, plaintiffs aver that Cacchione was negligent in failing to properly park the motor vehicle by improperly engaging the handbrake and failing to block the wheels against the curb to prevent rolling. Plaintiffs further contend that the City of Erie, as Cacchione's employer, was also negligent in failing to properly supervise and train Cacchione.

In their motion for judgment on the pleadings, defendants hoist the shield of governmental immunity as set forth in 42 Pa.C.S. §8541.[1] Moreover, defendants contend that the facts of this case do not fall within any exception to governmental immunity, including the operation of a motor vehicle under section 8542(b)(1):

"(b) Acts which may impose liability—the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) Vehicle liability—the *operation of* any *motor vehicle* in the possession or control of a local agency . . . ."

Exceptions to the rule of governmental immunity must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability. *SEPTA v. Simpkins,* 167 Pa. Commw. 451, 648 A.2d 591 (1994); *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

---

1. "42 Pa.C.S. §8541. Governmental immunity generally

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Defendants argue that, as a matter of law, the parking of a vehicle completes the operation of that vehicle. Thus, the sole issue before the court is whether a vehicle that is improperly parked and left unoccupied with its motor running such that it rolled backward causing injury, is a motor vehicle in operation so as to fall within the vehicle exception to governmental immunity.

The seminal case on this issue is *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In *Love,* the Pennsylvania Supreme Court found that a parked city van was not in operation where the plaintiff was injured while disembarking. The court reasoned that "to operate something means to actually put it in motion. Merely preparing to operate a vehicle or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle . . . Getting into or alighting from a vehicle are merely acts ancillary to actual operation of that vehicle." *Love, supra* at 375, 543 A.2d at 533. (emphasis in original)

More recently, the Commonwealth Court reiterated the holding in *Love,* that a parked vehicle is not in operation and that claims involving a parked vehicle are not actionable under the vehicle exception to governmental immunity. *City of Philadelphia v. Melendez,* 156 Pa. Commw. 271, 627 A.2d 234 (1993). In *Melendez,* the court held that the government vehicle was not in operation where it was unlawfully parked such that it obstructed plaintiff's view as she exited a private drive causing her vehicle to collide with a third vehicle. Since the vehicle was already parked at the time of the collision, it could not be considered in operation. However, the court alluded that the process of parking a vehicle could be considered the operation of a vehicle. *Id.* at 275, 627 A.2d at 236. See also, *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robin-*

*son,* 123 Pa. Commw. 401, 554 A.2d 172 (1989) (state police car, which was temporarily parked in the passing lane of a highway by a state trooper investigating an accident was held not to be in operation); *First National Bank of Pennsylvania v. PennDOT,* 148 Pa. Commw. 158, 609 A.2d 911 (1992), *alloc. denied,* 532 Pa. 648, 614 A.2d 1144 (1992) (DOT vehicle was not in operation where it was temporarily parked at the side of the road when a vehicle driven by plaintiff's decedent crashed into it); but cf., *Vogel v. Langer,* 131 Pa. Commw. 236, 569 A.2d 1047 (1990) (a bus temporarily stopped in traffic was in operation because such acts are normally related to the operation of the vehicle).

Notwithstanding this line of precedent, the Superior Court held in *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa. Commw. 533, 586 A.2d 1026 (1991), that an EMTA vehicle was in operation where the rear doors of the stopped bus suddenly closed on plaintiff as she was attempting to disembark. Although the bus was stopped, the court distinguished *Sonnenberg* from *Love* and *Robinson, supra,* on the basis that plaintiff's injuries were directly caused by movements of parts of the vehicle. The court found this sufficient to establish operation of the vehicle. *Id.* at 536-37, 586 A.2d at 1028.

Similar to *Sonnenberg,* plaintiffs' injuries in the instant case were directly caused by movement of the government's vehicle. This motion alone should be sufficient to constitute the operating of a motor vehicle. Nonetheless, defendants claim that such movement is insufficient for two reasons: (1) a parked vehicle is, per se, not in operation; and (2) Cacchione did not control the vehicle when it struck the house.

The defendant's first reason presupposes that the vehicle was parked and thus no longer in operation. A

review of the alleged facts shows that the vehicle was still operating because the act of parking was incomplete. Although plaintiffs used the past tense when they alleged that the city vehicle was "parked," they also alleged that the parking was done improperly and thus, the vehicle was in operation at the time of the collision. As alluded to in *Melendez,* the act of parking is vital to the operation of a vehicle. *Melendez, supra* at 275, 627 A.2d at 236. If parked properly, a vehicle will indeed cease to operate. However, in the instant case, the act of parking was not completed, because Cacchione allegedly failed to properly engage the handbrake or block the tires against the curb. By not properly parking the vehicle, Cacchione caused it to move and ultimately crash. Under these facts, the court cannot say, as a matter of law, that the vehicle was parked and therefore had ceased operating.

Finally, defendants assert that the vehicle was not in operation since Cacchione, who was outside the vehicle, lacked control of the vehicle at the time of collision.[2] However, the operating of a vehicle does not necessarily mean that a driver must be in control of it at the exact moment of impact. A driver's lack of control itself can directly lead to an accident. An example of this is a driver who, at the wheel, falls asleep or blacks out from alcohol consumption. Although the driver is physically unable to control the vehicle when unconscious, he may still be held responsible since it is his duty to stay alert. Such a failure to control is an act of omission from which liability can arise. These examples show that a driver need not control a vehicle to be operating it.

---

2. Here, it is undisputed that the vehicle is in control of the government entity as required by 42 Pa.C.S. §8542(b)(1).

In the instant case, plaintiffs allege a direct causal connection between Cacchione's acts of omission while parking the vehicle and the movement which ultimately injured plaintiffs. No other factors break the chain of causation. Therefore, even if the court assumed that the vehicle was initially parked, it did not remain so, due to the alleged failures by Cacchione. Cacchione's failure to properly park the vehicle put it in motion and this is sufficient to constitute operating a vehicle.

Since the court finds that the vehicle was in operation, the vehicle exception to governmental immunity is applicable in the instant case. Accordingly, this court denied defendants' motion for judgment on the pleadings in its order of April 26, 1995.

## ORDER

And now, to wit, May 11, 1995, upon consideration of defendants' motion to amend order of court and plaintiffs' response thereto, it is hereby ordered, adjudged and decreed that the order of April 26, 1995 is amended to include the following language:

"It is the opinion of this court that the within order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the within matter."

In entering this order, the court has set forth its reasons in the opinion filed herewith for certification of this interlocutory appeal and denying defendants' motion for judgment on the pleadings.