**Tom CACCHIONE, Jr., and the City of Erie, Appellants,**

v.

**Robert WIECZOREK and Esther Wieczorek, his wife.**

Commonwealth Court of Pennsylvania

Submitted on Briefs Nov. 14, 1995.

Decided April 11, 1996.

---

James W. Harvey, for Appellants.

Michael E. Dunlavey, for Appellees.

Before DOYLE and SMITH, JJ., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

The City of Erie and its employee, Tom Cacchione, Jr. (collectively, the City) appeal from an order of the Court of Common Pleas of Erie County denying their motion for judgment on the pleadings.

Robert Wieczorek and Esther Wieczorek commenced the instant action against the City, seeking damages sustained when a parked truck owned by the City crashed into their home. The Wieczoreks alleged that on May 20, 1993, while performing his duties as the City truck driver, Cacchione parked the truck in front of their home, left the engine running and then exited the truck; the parked truck later rolled backwards and crashed into their home; as a result, they sustained damages to their home and suffered physical and mental injuries; and the accident was caused by Cacchione's negligence in leaving the motor running and in failing to properly set the handbrake and block the wheels against the curb to prevent the truck from rolling backwards in the event of a brake failure.

After the pleadings were closed, the City filed a motion for judgment on the pleadings, asserting, *inter alia*, that the alleged facts do not establish that the truck was "in operation" at the time of the collision to bring the case within the vehicle exception to governmental immunity under Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1).

The trial court denied the motion and, upon the City's request, amended its order certifying the matter for interlocutory appeal. By order dated July 18, 1995, this Court granted the City's petition for permission to appeal the interlocutory order to consider a limited issue of whether under the alleged facts, the instant case falls within the vehicle exception to governmental immunity under Section 8542(b)(1).

Section 8542(b)(1) provides that a local agency or its employees may be held liable for "[t]he operation of any motor vehicle" in its possession or control. The City contends that the operation of the truck terminated when Cacchione parked and exited the truck and that therefore, the Wieczoreks' claims for the injury occurred after the ter-

mination of the operation do not fall within the vehicle exception to governmental immunity.[1]

In *Love v. City of Philadelphia,* 518 Pa. 370, 375, 543 A.2d 531, 533 (1988), the Pennsylvania Supreme Court, in defining the term "operation" under Section 8542(b)(1), stated: "[T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating the vehicle." (Emphasis in original).

To support its contention, the City relies on this Court's previous decisions, which held that under the *Love* definition of "operation," the parked or temporarily stopped vehicle cannot be considered in operation under the vehicle exceptions to governmental and sovereign immunity.[2] *See, e.g., Rubenstein v. Southeastern Pennsylvania Transportation Authority,* 668 A.2d 283 (Pa.Cmwlth.1995) (the bus temporarily stopped at a regularly scheduled stop); *City of Philadelphia v. Melendez,* 156 Pa.Cmwlth. 271, 627 A.2d 234 (1993) (the negligent placement of the parked vehicle blocking the view of the traffic); *First National Bank of Pennsylvania v. Department of Transportation,* 148 Pa.Cmwlth. 158, 609 A.2d 911 (1992), *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992) (the DOT vehicle temporarily parked on or near the berm of the highway); *Pennsylvania State Police v. Robinson,* 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989) (the state police vehicle temporarily parked in the passing lane of the interstate highway).

Clearly, these cases do not fall within the *Love* definition of operation because the injuries were not allegedly caused by any *movement* of the entire vehicles or parts of the vehicles when or after the vehicles were parked or temporarily stopped. By contrast, the Wieczoreks alleged in this matter that their injuries were proximately caused by the movement of the *entire* truck, when the truck rolled backwards and crashed into their home.[3] Therefore, *Love* and its progeny relied on by the City are not controlling in this matter.[4]

Where, as here, the injury was caused by the movement of the entire vehicle, or moving parts of the vehicle, this Court has consistently held that the vehicle was in operation at the time of the injury for the purpose of deciding whether the case falls within the vehicle exception. In *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa. Cmwlth. 533, 586 A.2d 1026 (1991), the passenger moved to exit through the rear door of the bus when the bus stopped. As she was leaving the bus, the door suddenly closed striking her in the back. The issue presented to this Court was "whether if the entire motor vehicle is not in motion, the physical movement of certain parts of the motor vehicle is sufficient to bring the case within the

---

1. A motion for judgment on the pleadings may be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Kelly v. Nationwide Ins. Co.,* 414 Pa.Superior Ct. 6, 606 A.2d 470 (1992). In considering the motion for judgment on the pleadings, all well-pleaded facts of the party against whom the motion is made must be accepted as true. *Id.*

2. The provisions of governmental and sovereign immunity exceptions are given a similar construction. *First National Bank of Pennsylvania v. Department of Transportation,* 148 Pa.Cmwlth. 158, 609 A.2d 911 (1992), *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

3. The actor's negligent conduct is a proximate cause of harm to others if the conduct is a substantial factor in bringing about the harm. *Taylor v. Jackson,* 164 Pa.Cmwlth. 482, 643 A.2d 771 (1994).

4. The City argues that this Court's holding in *Pana v. Southeastern Pennsylvania Transportation Authority,* 657 A.2d 1320 (Pa.Cmwlth.1995), is dispositive of the issue in this matter. In *Pana,* the plaintiffs were injured when their cars were struck by the stolen SEPTA bus. The plaintiffs alleged that their injuries were caused by the hazardous condition created by leaving the parked bus unattended with the door open and leaving the engine running. This Court concluded that the plaintiffs' claims did not fall within the vehicle exception to sovereign immunity because the negligence claimed was not in the operation of the bus, but in leaving the bus unattended and thus making it possible for the unauthorized operator to steal and operate the bus. Thus, *Pana* does not support the City's position.

vehicle liability exception to the Code." *Id.* 586 A.2d at 1028. This Court concluded:

> [N]othing in *Love* and *Robinson* requires that the *entire* vehicle be in motion to establish 'operation' for purposes of the vehicle liability exception to the Code. The movement of parts of a vehicle, or an attachment to a vehicle, is sufficient to constitute 'operation.' Moreover, the bus driver's closing of the bus doors is an act normally related to the 'operation' of a bus.

*Id.* (Emphasis added.) Because the injury in this matter was caused by the movement of the entire truck, the truck was in operation at the time of the injury.

 Moreover, parking is unquestionably an act normally related to the operation of a vehicle. The movement of the vehicle ceases, and the operation of the vehicle terminates, at the moment the vehicle is *properly* parked. In this matter, however, the Wieczoreks' claims are based upon the negligent act of parking, i.e., the failure to properly engage the handbrake and block the wheels against the curb, causing the subsequent movement of the truck and the injuries. Thus, the negligent act alleged in this matter is directly related to the operation of the vehicle itself, not to "acts taken at the cessation of operating" the vehicle. *Love,* 518 Pa. at 375, 543 A.2d at 533.[5]

We conclude that the facts, as alleged and accepted as true, establish that the truck was in operation at the time of the injury under the vehicle exception to governmental immunity. Hence, the trial court's denial of the City's motion for judgment on the pleadings was proper. Accordingly, the order of the trial court is affirmed, and this matter is remanded to the court for further proceeding.

### ORDER

AND NOW, this 11th day of April, 1996, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed. This matter is remanded to the court for further proceeding.

Jurisdiction relinquished.

---

**5.** As long as the injury occurred while the vehicle was in operation, the local agency may be held liable under the vehicle exception, even when the operation of the vehicle itself was not negligent. *See Mickle v. City of Philadelphia,* 669 A.2d 520 (Pa.Cmwlth.1996) (the allegations that the passenger of the city-owned van sustained the injury when the dual wheels of the van came off falls within the vehicle exception under Section 8542(b)(1), although the injury was caused by the negligent maintenance and repair of the van, not by the negligent operation of the van).