Daniel MERZ, a Minor, by His Parents and Natural Guardians, Leonard MERZ and Patricia Merz, His Wife and Leonard Merz and Patricia Merz, in Their Own Right, Appellants,

v.

CITY OF PHILADELPHIA
and Robert Fox, Jr.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1998.

Decided Oct. 29, 1998.

Christopher R. Rosser, Philadelphia, for appellants.

Alan C. Ostrow, Philadelphia, for appellees.

Before McGINLEY and PELLEGRINI, JJ, and. McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Daniel Merz, a minor, Leonard Merz and Patricia Merz (collectively, Merz) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) granting the motion of the City of Philadelphia and Robert J. Fox (collectively, the City) for judgment on the pleadings and dismissing Merz's claims against the City under what is commonly referred to as the "Tort Immunity Act" (Act).[1]

---

1. Act of October 5, 1980, P.L. 63, *as amended*, 42 Pa.C.S. §§8541 and 8542. Section 8541 of the Act provides:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

The facts in this case are not in dispute. On October 11, 1995, Daniel Merz was driving east on Woodhaven Road (Route 63) in the City of Philadelphia. Upon passing Woodhaven Road near Knights Road, he was travelling in the center lane behind a large tractor-trailer. To avoid travelling behind the tractor-trailer, Daniel Merz switched from the center lane to the left lane, but without being able to see whether there were any vehicles in the left lane. Just beyond the crest of a hill, he encountered and collided with the rear end of a stopped and unoccupied, disabled vehicle owned by the City. As a result of the collision, Daniel Merz suffered injuries to his neck, back and spinal cord, including several herniated lumbar discs.

Merz filed a civil action against the City seeking damages for injuries sustained as a result of the accident, contending that the act of the City employee in leaving the vehicle was negligent. In the new matter to its answer, the City asserted that it was immune from suit because Merz did not plead a cause of action that was within the vehicle exception to governmental immunity since the vehicle was not in "operation", i.e., not moving at the time of Daniel Merz's accident. The vehicle exception to governmental immunity provides in relevant part:

> **(b) Acts which may impose liability.—** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: **(1) Vehicle liability.**—The operation of any motor vehicle in the possession or control of the local agency[.] (Emphasis in original).

■ At the close of pleadings, the City filed a motion for judgment on the pleadings asserting that governmental immunity was a bar to Merz's claim. Granting the City's motion for judgment on the pleadings, the trial court held that because the City's vehicle was parked, it did not constitute being in "operation" under the exception. Merz filed the instant appeal.[2]

The central issue on appeal is whether the disabled City-owned vehicle parked along Woodhaven Road was "in operation" at the time of Daniel Merz's accident to fall within the vehicle exception to governmental immunity under section 8542(b)(1). In *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court defined the term "operation" as it is used under this section. In *Love*, an elderly lady was injured when she alighted from a city-owned van. In finding that the lady's injuries were not caused by her alighting from the van because they did not result from the "operation of a motor vehicle", our Supreme Court stated:

> [T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle. (Emphasis in original).

*Love*, 518 Pa. at 375, 543 A.2d at 533.

Nevertheless, relying on *Cacchione v. Wieczorek*, 674 A.2d 773 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 546 Pa. 684, 686 A.2d 1313 (1996), Merz asserts that because the vehicle was not "properly" parked at the time of Daniel Merz's accident, it remained in operation for purposes of the exception and imposes liability upon the City. In *Cacchione*, a truck driver for the City of Erie parked his truck leaving the engine running; however, the truck rolled back-

---

**2.** This Court's scope of review of an order granting a motion for judgment on the pleadings is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Brelish v. Clarks Green Borough*, 146 Pa.Cmwlth. 232, 604 A.2d 1235, *petition for allowance of appeal denied*, 531 Pa. 656, 613 A.2d 561 (1992). "In conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached thereto." *Fox v. Pocono Springs Civic Association, Inc.*, 695 A.2d 484, 485 (Pa.Cmwlth.1997). A motion for judgment on the pleadings will be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.Civ.P. 1034; *Kelly v. Nationwide Insurance Co.*, 414 Pa.Super. 6, 606 A.2d 470 (1992). Moreover, the burden of proof rests with the party seeking to impose liability. *Santori v. Snyder*, 165 Pa.Cmwlth. 505, 645 A.2d 443 (1994). In the area of governmental immunity, because the legislature has expressed a clear intent to insulate political subdivisions and local agencies from tort liability, all exceptions to governmental immunity will be narrowly construed. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

wards and crashed into a house. Finding that the vehicle exception to governmental immunity under section 8542(b)(1) was applicable to hold the City of Erie liable for damages caused to homeowners' residence, we held:

> In this matter, however, the Wieczorek's claims are based upon the negligent act of parking, i.e., the failure to properly engage the handbrake and block the wheels against the curb, causing the subsequent *movement* of the truck and the injuries. Thus, the negligent act alleged in this matter is directly related to the operation of the vehicle itself[.] (Emphasis added).

*Id.* at 776.

■ Unlike in *Cacchione*, the accident here was caused by Daniel Merz colliding into the stopped City-owned vehicle and not by any subsequent movement of the vehicle itself. As a result, the vehicle exception to governmental immunity does not apply. *See City of Philadelphia v. Melendez*, 156 Pa. Cmwlth. 271, 627 A.2d 234 (1993) (vehicle already parked and not in process of being parked at time of collision so no longer in operation; exception does not apply); *First National Bank v. Pennsylvania Department of Transportation*, 148 Pa.Cmwlth. 158, 609 A.2d 911, *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992) (injuries caused by rear-end collision with temporarily parked PennDOT vehicle not caused by operation of PennDOT vehicle; exception does not apply); *Pennsylvania State Police v. Robinson*, 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989) (injuries caused by collision with third party when trying to retrieve flares from parked state vehicle not caused by operation of state-owned vehicle; sovereign immunity exception does not apply).

Recently, our Supreme Court addressed the vehicle exception to governmental immunity in *White v. School District of Philadelphia*, — Pa. —, 718 A.2d 778 (1998). In *White*, a school district bus driver stopped the bus to allow a student's departure. No-

ticing that the designated attendant was not at the intersection, the driver checked the student's path and observing no oncoming traffic, signaled him to cross the street. After a momentary distraction, the driver observed a car travelling in the lane along the side of the bus in the direction of the student and was unable to warn the student before the car hit him. A civil action was initiated and the school district filed for and was granted summary judgment on the grounds of governmental immunity. Reversing the trial court and relying in part upon *Vogel v. Langer*, 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990),[3] we held that the vehicle exception to governmental immunity under section 8542(b)(1) was applicable because a temporarily stopped school bus and a driver waving a student to cross the street were acts normally related to the operation of a vehicle. In reversing this Court, our Supreme Court held that the vehicle exception to governmental immunity was not applicable stating:

> [T]he action complained of is not the physical operation of the school bus, but rather the driver's act of attempting to supervise the student to ensure his safety after he had alighted from the vehicle.... While it may well be that a school district that transports students assumes an obligation to make reasonable efforts to see those students safely to their destinations, it does not necessarily follow that breach of that duty exposes the school district to liability in tort. Rather, the legislature has determined that, unless the conduct at issue falls within specifically stated exceptions, immunity attaches.

*White*, — Pa. at —, 718 A.2d at 781.[4]

As in *White*, the injuries here were not caused by the physical movement of the abandoned, disabled City-owned vehicle itself. Because of this lack of movement, the City-owned vehicle was not "in operation" at the time of Daniel Merz's collision and the trial court properly granted the City's motion for judgment on the pleadings.

---

3. In *Vogel*, a motorist collided with a truck after a SEPTA driver used his hand to wave the motorist into an intersection.

4. Although the majority did not address the continued viability of *Vogel*, it has effectively been overruled. *See White, supra*. (Zappala, J., concurring).

Accordingly, the order of the trial court is affirmed.

**ORDER**

AND NOW, this 29th day of October, 1998, the order of the Court of Common Pleas of Philadelphia County, dated September 29, 1997, is affirmed.