**Rebecca GALE, Appellant**

v.

**CITY OF PHILADELPHIA, Philadelphia Police Department and Jose Garriya.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2014.

Decided March 4, 2014.

James R. Radmore, Philadelphia, for appellant.

Alan C. Ostrow, Deputy City Solicitor, Philadelphia, for appellees.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Rebecca Gale (Appellant) appeals from the order of the Philadelphia County Court of Common Pleas (Trial Court) sustaining the preliminary objections in the nature of a demurrer filed by the City of Philadelphia (City) and dismissing Appellant's amended complaint as to the City with prejudice.[1] The Trial Court concluded that the City was immune from suit because Appellant's cause of action did not fall within one of the enumerated exceptions to governmental immunity contained in the Judicial Code (Tort Claims Act).[2]

On or about March 16, 2008, Jose Garriya was taken into custody by the Philadel-

---

1. Under the Pennsylvania Rules of Civil Procedure, the affirmative defense of governmental immunity should be raised by New Matter; however, where the defense of immunity is clearly applicable on the face of the complaint and the plaintiff does not object, as here, courts have permitted a narrow exception to allow the defense to be raised by preliminary objection. *Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 321 n. 7 (Pa.Cmwlth. 2011). When an appellate court rules on whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is *de novo* and the scope of review is plenary. *Mazur v. Trinity Area School District*, 599 Pa. 232, 961 A.2d 96 (2008). We may affirm the granting of preliminary objections only when it is clear and free from doubt that, based on the facts pled, the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* In evaluating the legal sufficiency of the challenged pleading, we accept as true all well-pled, material, and relevant facts alleged and every inference that is fairly deducible therefrom. *Id.*

2. The act for which the "Political Subdivision Tort Claims Act" is the formal title has been repealed. Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. The title of the repealed act or its shorter version, the "Tort Claims Act," has remained the "unofficial" title for the successor provisions found at Sections 8541–8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

phia Police Department, handcuffed, and placed in the back of a police cruiser. (Amended Complaint, ¶ 7.) Inexplicably, Mr. Garriya managed to commandeer the police cruiser and drive it onto the Benjamin Franklin Bridge. (Amended Complaint, ¶¶ 8, 9.) Appellant was in her vehicle traveling eastbound on the bridge from Philadelphia, Pennsylvania toward Camden, New Jersey. (Amended Complaint, ¶ 5.) At approximately 5:45 a.m., the police cruiser driven by Mr. Garriya struck Appellant's vehicle from behind. (Amended Complaint, ¶¶ 6, 10–11.) As a result of the collision, Appellant sustained serious injury. (Amended Complaint, ¶ 13.)

Appellant argues that the Trial Court erred in concluding that the City is immune from suit, because the cause of action falls within the vehicle exception to governmental immunity. Appellant contends that both Mr. Garriya and the vehicle were in the custody and control of police, and that the actions of police officers were part of a continuous sequence of events that caused the operation of the vehicle by Mr. Garriya. The City contends that the vehicle exception to governmental immunity only applies where the vehicle is being operated by a local agency employee authorized to operate the vehicle and does not apply to the failure of a local agency employee to control a vehicle or the operator of a vehicle.

■ Section 8542 of the Tort Claims Act contains eight enumerated exceptions to the General Assembly's broad grant of immunity from tort claims to local governmental agencies.[3] 42 Pa.C.S. § 8542. Subsection 8542(a) provides two conditions a plaintiff must satisfy before determining whether the injury to person or property alleged falls within one of the exceptions to immunity for "acts by a local agency or any of its employees," contained in Subsection 8542(b). *Id.* First, a plaintiff must establish that "damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense," of governmental immunity or official immunity. 42 Pa.C.S. § 8542(a)(1). Second, a plaintiff must establish that "the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b) ..." 42 Pa.C.S. § 8542(a)(2). If a plaintiff is able to satisfy the requirements of Subsection 8542(a), a local agency will retain immunity unless the claim alleged by the plaintiff also falls within one of the exceptions contained in Subsection 8542(b), including the exception for vehicle liability. In accordance with the General Assembly's expressed intent to insulate local agencies from tort liabilities, the statutory language of the exceptions to governmental immunity contained in Subsection 8542(b) of the Tort Claims Act must be construed narrowly; immunity remains the rule. *Mascaro v. Youth Study Center*, 514 Pa. 351, 361 523 A.2d 1118, 1123 (1987).

■ The vehicle exception to governmental immunity permits liability where a plaintiff's injury is due to "[t]he operation of any motor vehicle in possession or control of the local agency...." 42 Pa.C.S. § 8542(b)(1). The word "operation," in this context, means "to actually put in motion," and does not include "preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle." *Love v.*

---

3. Section 8541 of the Tort Claims Act states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541.

*Philadelphia,* 518 Pa. 370, 375, 543 A.2d 531, 533 (1988) (holding that injury sustained while alighting from a local agency's van did not fall within the vehicle exception, because the van was not in "operation").

■ This Court addressed facts similar to those alleged here in *Pana v. Southeastern Pennsylvania Transportation Authority,* 657 A.2d 1320 (Pa.Cmwlth.1995), where an individual boarded a parked, open, running Southeastern Pennsylvania Transportation Authority (SEPTA) bus and proceeded to drive the bus through several counties, causing injury along the way. This Court concluded that the plaintiffs' claims did not fall within the vehicle exception to sovereign immunity, because:

> It is undisputed here that, at the time the injuries were inflicted, the SEPTA bus was not being operated by an employee of SEPTA, or by one of its agents or anyone with authority to do so. In fact, the negligence claimed is not in the operation of the bus, but in leaving the bus unattended and making it possible for the unauthorized operator to steal it and operate it.

657 A.2d at 1323.[4] Appellant argues that the fact that the individual operating the bus in *Pana* was not under the control of SEPTA distinguishes *Pana* from the claim here. The City contends that control over the vehicle or the operator of the vehicle causing injury is insufficient to trigger liability under the vehicle exception, because the statutory language of the Tort Claims Act clearly limits waiver of governmental immunity to employees *operating* a vehicle in the possession or control of the local agency.

In support of its interpretation of the applicability of the vehicle exception, the City identifies a series of cases rejecting claims that alleged a local agency was liable due to its control over a vehicle and a non-employee operator of a vehicle causing injury. In *Davies v. Barnes,* 94 Pa. Cmwlth. 145, 503 A.2d 93 (1986) (*en banc* ), two students, at least one of whom had been drinking, took a car from their high school shop class for a joy-ride that ended in a collision fatal to the student-passenger. *Id.* at 94. The parents of the student-passenger brought suit, alleging that the school had constructive control of the vehicle and was therefore liable under the Tort Claims Act. *Id.* at 95. Rejecting the theory that the vehicle exception imposed liability in instances of constructive control, this Court stated: "[c]learly, in order for this section to be applicable to the case before us, there must be an allegation that the vehicle was operated by a school official." *Id.* at 95.

This Court again held that the vehicle exception "applies only where the agent of the local agency actually *operates* the vehicle in question," in *Burkey v. Borough of Auburn,* 100 Pa.Cmwlth. 110, 514 A.2d 273, 275 (1986) (emphasis in original). *Burkey* concerned a woman who went into premature labor while attempting to remove her stalled car from the road under threat of arrest from a police officer who refused to provide assistance. *Id.* Even

---

4. Sections 8521 to 8527 of the Judicial Code contain the Sovereign Immunity Act, 42 Pa. C.S. §§ 8521–8527. Section 8522 of the Sovereign Immunity Act, like section 8542 of the Tort Claims Act, provides for exceptions to immunity, including a vehicle exception. *Compare* 42 Pa.C.S. §§ 8542(b)(1) with 8522(b)(1). Because the language in the vehicle exception to sovereign immunity and to governmental immunity is identical, the provisions are interpreted consistently, and cases that address one are applicable to the other. *Jones v. Southeastern Pennsylvania Transportation Authority,* 565 Pa. 211, 219, 772 A.2d 435, 440 (2001); *White by Pearsall v. School District of Philadelphia,* 553 Pa. 214, 220 & n. 5, 718 A.2d 778, 780 & n. 5 (1998).

though it accepted as true allegations that the police officer's threat placed the vehicle under his "control," the *Burkey* Court still concluded that a claim for relief had not been stated. *Id.*

Examining both *Davies* and *Burkey* in *Capuzzi v. Heller*, 125 Pa.Cmwlth. 678, 558 A.2d 596 (1989), a case arising out of a fatal collision caused by two students street racing while driving from their high school to their vocational school, this Court again held that liability could only attach under the vehicle exception where injuries were sustained as a result of the negligent operation of a vehicle by an employee of a local government agency. *Id.* at 597, 599. Likewise, in *Burnatoski v. Butler Ambulance Service*, 130 Pa.Cmwlth. 264, 567 A.2d 1121 (1989), we held that even where a local agency had significant control over an ambulance, including acting as the applicant agency to secure federal grant monies for its purchase, liability for the injuries caused by its operation still could not attach because the driver was employed by a private ambulance company and not the local agency. *Id.* at 1123–1124.

■ Appellant argues that each of these cases turn on the question of an agency relationship and are inapplicable to the facts here, because each involved vehicles that were not owned by the local agency; just as *Pana* is distinguishable because the operator was not in the control of the local agency, Appellant contends *Davies* and its progeny are distinguishable because the vehicles in question belonged to third persons and were not in the control of the local agency. This argument overlooks the fact that in each of the cases cited by the City and Appellant liability depended upon operation and not control. Appellant does not allege that anyone other than Mr. Garriya was operating the vehicle. Instead Appellant's claim depends upon whether or not the police had control of both Mr.

Garriya and the police cruiser. The language of the statute and our cases make clear, however, that where an employee of a local agency has not acted by putting a vehicle in motion liability under the vehicle exception to governmental immunity will not attach. From the face of Appellant's complaint, it is clear that, like the plaintiff in *Pana*, she is alleging that her injuries arose from the police officers' failure to prevent Mr. Garriya from operating the vehicle and not from their own operation of a vehicle.

Accordingly, we hold that Appellant has failed to allege facts that trigger liability under the vehicle exception to governmental immunity and we affirm the order of the Trial Court granting the City's demurrer and dismissing with prejudice Appellant's amended complaint as to the City.

### *ORDER*

AND NOW, this 4th day of March, 2014, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter sustaining the preliminary objections in the nature of a demurrer filed by the City of Philadelphia and dismissing Appellant's amended complaint as to the City of Philadelphia with prejudice is AFFIRMED.